WILLIAMS *vs.* CRARY, surviving executor, &c. of Mary Williams.

</div>

Where A. was bound by bond to pay B. during her life an annuity of $1000, and at the time of the decease of B. the sum due upon the bond was $4000, *it was held*, that A. was not entitled to recover an unsettled demand of $1500 against the estate of B. notwithstanding that the bond had been cancelled in pursuance of a direction in the will of B. that it should be so cancelled

on the payment by A. of $1600 ; the testamentary provisions in relation to the bond being considered not as a legacy but as a proposition of a settlement of all claims and demands between A. and B. ; and it was holden that A. was not entitled to recover even for demands arising *after* the making of the will.

*Parol* proof of the intention of the testator may in such cases be resorted to, not to give a construction to the language of the will, but to prove circumstances whereon to found inferences or presumptions.

A legacy given by a debtor to his creditor will not be deemed a satisfaction of a pre-existing debt, unless it appears to have been the intention of the testator that it should so operate.

THIS was an action of assumpsit, tried at the Washington circuit in November, 1828, before the Hon. ESEK COWEN, one of the circuit judges.

The plaintiff proved an account of monies paid and services rendered to the testatrix, amounting to nearly $1500. On the part of the defendant, it was shewn that on the 6th day of August, 1806, the plaintiff executed to the testatrix his bond in the penal sum of $15,000, conditioned for the payment of the sum of $1000 annually to the testatrix during her natural life ; which bond was accompanied by a mortgage as collateral security. On the 21st day of April, 1819, the testatrix made and executed her last will and testament, whereby, after directing the payment of her just debts, and giving and bequeathing legacies to sundry persons to the amount of about $39,000, she directed as follows : " Whenever Col. John Williams, of Salem aforesaid, (the plaintiff in this cause,) shall pay to my executors the sum of $1600, then I order and direct that my said executors shall cause satisfaction to be entered of record of the mortgage which I hold against the said Williams, and the bond accompanying the same to be cancelled and given up to him." The testatrix died on the 19th August, 1819. It further appeared that from the date of the bond until the time of her death, the testatrix resided with the plaintiff, and that the sum of $1000 was annually paid to her up to the 6th August, 1815 ; after which period there was an endorsement on the bond purporting that the interest on the same had been paid up to August, 1818, and $260 towards the accruing instalments. At the time of the decease of the testatrix, there was about the sum of $4000 due to her on the bond. The defendant pro-

ved that in the winter preceding the death of the testatrix, a conversation was had between the plaintiff and the testatrix, in which the plaintiff spoke to her about a settlement to be made between them ; upon which occasion the testatrix said to the plaintiff, " You need not give yourself any trouble about that ; at my death it will be done to your satisfaction." This evidence was objected to by the plaintiff as inadmissible, but the objection was overruled. The witness also by whom this conversation was proved was objected to as in-competent, being a legatee ; but she having been previously called and examined by the plaintiff, the judge ruled that the plaintiff was estopped from objecting to her as a witness. Af-ter the death of the testatrix, the plaintiff paid to her execu-tors the sum of $1600 specified in the will, and requested satisfaction of record to be entered of the mortgage, and the bond to be cancelled, according to the directions of the will ; which was accordingly done, except that the executors refused to deliver up the bond. In 1823, the plaintiff commenced this suit ; his account for monies paid, &c., extending from 1807 until the decease of the plaintiff.

The judge ruled that the evidence should be submitted to the jury to pass upon the intention of the parties, i. e. wheth-er the bequest to the plaintiff should be in payment of all de-mands up to the date of the will ? If they should find such intention, (and he expressed his opinion that the evidence would fully warrant such finding,) that then none of the charges in the plaintiff's account, of a date anterior to the will, ought to be allowed ; to this decision the plaintiff's counsel excepted. And he further ruled that the evidence given was no defence to that part of the plaintiff's demand which accrued subsequent to the date of the will ; to this decision the defendant excepted. The judge instructed the jury according to the above decisions, and advised them to find for the plaintiff such part of his account as accrued sub-sequent to the date of the will. The jury found for the plain-tiff for the sum of $296,73. A motion was now made to set aside the verdict.

*J. Crary*, in pro. per. No bequest was made by the testa-
trix to the plaintiff in this cause. The direction in the will
to the executors to cancel the bond and mortgage on the
plaintiff's paying the sum of $1600, was manifestly intended
by the testatrix as a closing of all accounts between her and
the plaintiff. He was indebted to the estate near $4000, the
utmost extent of his demand against it is $1500. The pro-
position in the will is, pay $1600 and you shall be discharged
from the residue, he accepted the offer and is barred from
now setting up any demand against the estate. The parol
evidence was proper to shew the circumstances in reference
to which the provision was made in the will. The witness
proving the conversation was competent, having before been
called by the plaintiff. (2 Wendell, 483.)

*S. Stevens*, for plaintiff. The direction to cancel the bond ·
and mortgage is a legacy; it is a specific legacy on condi-
tion; and a legacy can never be presumed to be in payment
of a debt accruing subsequent to the making of the will by
which the legacy is given. The verdict here is found only
for such part of the plaintiff's account as accrued subsequent
to the making of the will, and ought not therefore to be set
aside.

The plaintiff having complied with the condition entitling
him to a cancelling of the bond and mortgage, had a right
to demand payment of his account against the testatrix. The
bond being discharged there was an end to his indebtedness,
and there was no longer a set off.

Parol evidence of the intention of the testatrix ought not
to have been received, there being no pretence of ambiguity
in the will. The intent of the testatrix must be gathered
from the will alone. The demand of the plaintiff was an un-
settled account; the testatrix directed her just debts to be
paid; she made a specific legacy to the plaintiff, available to
him upon certain conditions, and there is nothing in the will to
shew that she intended it in payment of the demands he had
against her. (1 Johns. Ch. R. 231. 14 Johns. R. 1, S. C. in
error.)

The witness who proved the conversation between the parties was incompetent to testify for the defendant, although she had previously been called by the plaintiff. The defendant examining her to a new and distinct fact made her his own witness. But if this testimony is admissible, it related only to the accounts between the parties at the time of the conversation, and could not possibly have had reference to accounts subsequently accruing.

*By the Court,* SAVAGE, Ch. J. This cause has already been twice before the court. At first it came up on a demurrer to the defendant's third plea, (5 Cowen, 368.) That plea stated the execution of the bond, the provision in the will, the balance due on the bond, the payment of the $1600 and the cancelling the bond and mortgage, claiming the balance of $2400 to be set off against the plaintiff's demand. The plea was held bad, both in form and substance, because a set off could not be pleaded under our statute ; and if it could a bond which was cancelled could not be considered a subsisting demand which could be set off. Sutherland, justice, in giving the opinion of the court observes, that the provision in the will was not pleaded as a legacy; that although it is a general rule that a legacy given by a debtor to his creditor which is equal to or greater than the debt, shall be considered as a satisfaction of it; yet that courts have always seized upon any circumstances to repel the presumption that such was the intention of the testator; and that here was a running account; that the testatrix did not know the amount of the plaintiff's demand ; that the plea was argumentative, and contained no issuable averment upon which a material question could have been presented for trial.

The cause was then referred to referees, who reported in favor of the plaintiff $470,90, and stated that they considered the legacy in the will as a satisfaction of all demands due from the testatrix to the plaintiff anterior to the date of the will, and no other ; the report being for what accrued afterwards, with interest after the death of the testatrix. On a motion to set aside this report, the facts in relation to this testamentary provision appeared different from what they

*Margin note:* NEW-YORK, May, 1830.

Williams
v.
Crary.

were averred in the plea, which had been decided to contain no legal defence. In addition to the production of the will, and the fact that the plaintiff had accepted the terms and complied with the condition proposed, parol evidence was introduced to shew, not only the intention of the testatrix, but the understanding of the plaintiff; and a witness testified that during the last illness of the testatrix frequent conversations took place between the plaintiff and the testatrix on the subject of a settlement, both before she went to New-York the last time and afterwards, when the testatrix told the plaintiff " that there was a bond which she held against him, which on her death would be given up to him, that would satisfy him for his trouble and expense ; that no arrangement would be necessary : that a settlement was unnecessary ; and that at her death he would be satisfied. When he spoke to her about the settlement, he mentioned the journies and various expenses he had been at for her, she said that he would be satisfied for them on her death, when the bond would be given up to him." *Woodworth*, justice, in delivering the opinion of the court on the motion to set aside the report of the referees, (8 Cowen, 246,) states the evidence more fully, and comes to the conclusion that the bequest in the will was not intended as a donation ; but that it was intended by the testatrix, and understood by the plaintiff, as an appropriation of $2400, due her, to satisfy his account ; that such appropriation had been applied by the plaintiff according to the mutual understanding of both parties, and that his claim was thereby extinguished; and that the plaintiff had been fully paid, and had no right to recover. I have been thus minute in order to shew that the questions heretofore presented in this cause were entirely dissimilar, and also that neither of them presented the precise point which is now to be decided.

On the last trial, the witness who proved the conversation between the plaintiff and the testatrix, states only what passed before the making the will. When urged to a settlement by the plaintiff, the testatrix says : " You need not give yourself any trouble about that : at my death it will be done to your satisfaction." The witness was probably not examined as to conversations subsequent to the making of the will.

The judge at the circuit considered the testamentary provision in this case a legacy; as such he held it an extinguishment of the plaintiff's account prior to the making the will; but not so as to that part of it which accrued subsequently. The plaintiff's counsel insisted that he was entitled to both his demand and the legacy.

It is laid down as a general rule on this subject, that a legacy given by a debtor to his creditor, which is equal to or greater than the debt, shall be considered as a satisfaction of it. (Toller, 336. 2 Fonblanque, 330.) This rule is admitted by all the cases; though all the courts seem to express great dissatisfaction with it, and endeavor to distinguish cases out of it, upon slight circumstances indicating an intention of the testator that the legatee shall have both the debt and the legacy; as where the will contains the words, " *after debts and legacies are paid, then I give*," and words of similar import. (3 Atk. 68, 96.) If the legacy be less than the debt; if it is contingent; if the debt be unliquidated, &c.; if it be contracted after the legacy given, it is no satisfaction. The truth is, there are so many exceptions that the rule on this subject seems to be, that a legacy shall not be deemed a satisfaction of a pre-existing debt, unless it appears to have been the intention of the testator that it should so operate. These cases, therefore, depend on their own circumstances; and when a legacy has been decreed to go in satisfaction of a debt, it must be grounded upon some evinence, or at least a strong presumption, that the testator did so intend it. A court of equity will carry into effect the intention of the testator, and therefore the intention is what controls. (Fonblanque, 332, and cases there cited.) *Cranmer's case*, (2 Salk. 508,) exemplifies the rule on this subject. The testatrix owed Cranmer £50, and made a will, giving him a legacy of £500; she then borrowed £150 more and died. The master of the rolls held the legacy a payment of both debts; but Lord Chancellor Harcourt reversed the decree, saying that " a man shall not be prevented by a court of equity from doing with his own as he pleases; and when he says he gives a legacy, they cannot say he pays a debt." " Note," says the reporter, " in all these cas-

es the intention of the party ought to be the rule; and the different circumstances above mentioned are relied on as shewing what was the intention of the testator. (1 Salk. 155.) In *Cuthbert* v. *Peacock*, (2 Ves. 593,) Lord Chancellor Cowper said, "The construction of making a gift a satisfaction had in many cases been carried too far; that it was reasonable in such cases to admit of parol proof as to the testator's intention." It is not necessary to state particularly each case; but the rule as above recognized, with some of its exceptions, will be found in the following cases: *Nichols* v. *Judson*, (2 Atk. 300;) 2 Ves. sen. 635, *Chancey's case;* 1 P. Wms. 410, n. 1; 2 P. Wms. 553; 3 id. 355.

In the case of *Strong* v. *Webster*, (12 Mass. R. 391,) the plaintiff was permitted to recover a debt upon the general doctrine which has been above quoted; and the circumstances which made it an exception were, that the legacy was not as much as the debt, and the testator intended his debts and legacies should be paid before the residuary legatees should take any thing. The same doctrine prevails in Pennsylvania, (13 Serge & Rawle 60.) In the case of *Plume* v. *Plume*, (7 Ves. 258,) a son who had carried on business under his father, with an intention to be remunerated at his father's death by a provision in his favor, is not a creditor. This case recognizes the general doctrine. The intention there was drawn from the provisions of the will, and it was clear that the testator did not consider his son as a creditor. If therefore the provision in this will is to be considered a legacy in favor of the plaintiff, then the rule should be applied as referred to in the numerous cases on this subject, and recognized by this court when this question was considered on the pleadings, in 5 Cowen, 368. In that event, there are circumstances both ways. The legacy, if we so call it, is much more than the debt, and therefore should extinguish it; but, on the other hand, the will directs the payment of the debts, and part of the demand accrued subsequent to the will.

There is a striking dissimilarity between this clause of the will and all the legacies given in it. In all of them, except this, the language is, "I give and bequeath," or, "I give;" but the article in question contains no such words; it con-

tains a distinct proposition: "Whenever Col. John Wil-
liams, of Salem aforesaid, shall pay to my executors the sum
of sixteen hundred dollars, then I order and direct that my
said executors shall cause satisfaction to be entered of re-
cord of the mortgage which I hold against the said Williams,
and the bond accompanying the same to be cancelled and giv-
en up to him." Is this a legacy? If so, what is the amount?
There is not a word in the will explaining it. If therefore
we are ever to understand it, we must seek explanations
from parol testimony. Parol testimony is inadmissible for
some purposes, but for others it is indispensible. It cannot
he received to give a construction to the language of a will,
but to prove circumstances from which the court may draw
inferences or presumptions. Without parol proof, it does
not appear what the indebtedness was. The only inference
deducible from the will itself on that subject is, that the
plaintiff owed the testatrix much more, in her estimation,
but she was willing to accept $1600 and balance the account;
but, if he thought otherwise, it was optional with him to ac-
cept her proposition, or to resort to a legal mode of ascer-
taining the true balance. The phraseology, I think, forbids
the idea that any specific legacy was intended; if that was
her intention, it was easy to say that out of the amount due
her she gave him $2,500. But that was not her meaning:
she knew that she had lived with him for upwards of twelve
years, and managed his domestic concerns with ability and
economy; that he had performed many acts of kindness and
filial affection towards her, and that more would be neces-
sary in her then declining state of health; that he owed her
near $4,000 upon his bond; and she intended to make him
a liberal compensation, by allowing $2,400 for services and
expenses which he now charges at less than $1500.

Thus far I have stated the conclusion which would natur-
ally be drawn from the case as presented, with the exception
of Nancy McFarland's testimony as to what passed between
the plaintiff and the testatrix on this subject. Before she left
home to make her last visit to New-York, the plaintiff was
anxious to have a settlement and spoke to her on the sub-
ject; her answer I have before quoted, but repeat it here;

"You need not give yourself any trouble about that; at my death it will be done to your satisfaction." What was it that he need not trouble himself about, and which would be done at her death to his satisfaction? In terms it was a settlement. No intimation that a legacy would be given to him, but that at her death he would find a settlement of his account to his satisfaction; and so he did find it, or he would not have accepted it, and well might it be satisfactory when she estimated his account at $900 more than he charged. Perhaps she expected to have lived longer, and to have occasioned him more trouble and expense than she actually did. In my opinion, therefore, this testamentary provision was not a legacy, but the settlement of an account. If I am correct in this, then the rule about a legacy extinguishing a debt has no application; nor are any of the cases referred to applicable, except so far as they establish the principle that in all cases arising out of wills, we are to seek for the intention of the testator, and to be governed by it.

There is another reason why the doctrine of extinguishment above referred to is not applicable here: the plaintiff was not a creditor of the testatrix; she speaks of him as her debtor; there is no intimation that she owes him on balancing their respective demands; and in fact the plaintiff, and not the testatrix, was the debtor. All the cases referred to by counsel, and which I have examined, are cases where the testator owed a liquidated debt to the legatee; many of them are cases of debts due to servants for wages, and a legacy superadded by the testator or testatrix by way of donation for their fidelity. In such cases the courts will not permit the legacy to be a payment of the debt, unless that intention appears by the fact of entire correspondence between the debt and legacy, or by extrinsic circumstances. But the relation of debtor and creditor must distinctly exist. Here, if any such relation existed at all, it was either mutual or the testatrix was the creditor.

My conclusion therefore is, that the plaintiff has no right to recover. Such was the decision of this court when the case was before us on its merits, (8 Cowen, 246;) and Woodworth, justice, speaking of this clause in the will,

says, " had it been intended as a donation, it is highly prob-
able that some intimation to that effect would have been giv-
en in the will itself." And when the case came up upon a        Supervisors of
demurrer to the third plea, it was expressly said by *Suther-*   Chenango
*land,* justice, " nor can it be sustained as a plea of legacy   v.
or bequest in satisfaction of the demand of the plaintiff. It    Birdsall.
is not pleaded as a legacy." He then goes on to shew by
the cases to which I have referred, that as a legacy it would
be no bar to the plaintiff's demand as it then appeared upon
the pleadings.

A question was raised as to the competency of Nancy
McFarland. It is unnecessary to examine the question of
interest. She was the plaintiff's witness, and the defendant
had a right to examine her to any relevant matter; the plain-
tiff cannot deny the competency of his own witness. (2
Wendell, 483.)

New trial granted, costs to abide the event.