By the Court,

Bronson, J.
The plaintiff presented a claim to the executors for labor and services for the testator within the last two years of his life, which terminated in April 1840, on which, as the plaintiff alleged, a balance was due him of about $127. The matter was referred to three referees pursuant to 2 R. S. 88, § 36. The referees reported that the sum of $81 was due the plaintiff; and the defendants now moved to set aside the report. By the wilt of the testator made a few days prior to his death, he directed his executors to pay all his just debts; and devised fifty-one acres of land— proved to be worth $1500 and upwards—to the plaintiff in fee, subject, however, to a life estate in the testator’s wife which terminated by her death a few days after the decease of the testator. The defendants gave evidence tending to show that the services of the plaintiff were rendered in the expectation that he was to be compensated by a provision in the testator’s will, and not in any other manner. They also gave evidence—though objected to by the plaintiff—of the declarations of the testator when about making his will, from which it was inferred that he intended the devise to the plaintiff as a compensation for his past services, and for such as he should afterwards render in taking care of the testator’s *578 wife. On these questions, rebutting evidence was given on the part of the plaintiff.
If the understanding between the parties was, that the plaintiff should be compensated for his services by a provision in the testator’s will, then, as such provision has been made, the present claim cannot be supported. (Jacobson v. Executors of Le Grange, 3 John. 199; Patterson v. Patterson, 13 John. 379; Osborn v. Governors of Guy's Hospital, 2 Str. 728.) But there was evidence upon both sides of this question, and it is enough to say that there is no such decided preponderance in favor of the defendants as will warrant us in setting aside the report. It is the province of jurors and referees to pass upon conflicting evidence, and determine on which side the balance lies; and, as a general rule, their finding must be regarded as conclusive.
The referees having found that the testator was indebted to the plaintiff for services rendered, the next enquiry is, whether the debt was extinguished by the devise of lands to the plaintiff. Upon this question the referees admitted extrinsic evidence, consisting of the oral declarations of the testator, for the purpose of showing that he intended the devise should satisfy the debt. (See Williams v. Gravy, 4 Wendell, 443.) If it were necessary to pass upon that question, I should feel great difficulty in saying that such evidence was admissible.(a) If it does not go the whole length, it certainly goes very far towards controlling the legal effect and operation of the written instrument. The language of the testator in the will is, “I give and devise” the land to the plaintiff It is matter of bounty, not of obligation. Nor does the testator say that he bestows a part on account of the debt, and the residue as a gift. It is all bounty. In another part of the will the testator declares, “ that the devise and bequests hereinbefore made *579 to my wife Ruth, are by me meant and intended to be in lieu, bar and satisfaction of all and every claim and demand of dower. This shows that the testator knew very well how to declare his intention, and that he was careful to qualify the language of a gift where he did not intend it should operate wholly as a matter of bounty. If it was his intention to limit or qualify the effect of the gift to the plaintiff, it is but reasonable to suppose that we should find some such clause in the will touching the devise to the plaintiff as that which relates to the provision for his wife; but the will is entirely silent on that subject.
It is, however, unnecessary to settle the question whether extrinsic evidence was admissible. It was received and passed upon by the referees; and the defendants cannot complain unless the report is clearly against the weight of evidence. The declaration which the testator is said to have made while the will was in the course of preparation, is not of a very decisive character; and the testimony of the only witness who speaks of the declaration is brought into some doubt by the testimony of another witness. The referees must have arrived at the conclusion, that nothing had been satisfactorily established to change the case from what it would be standing on the will alone; and I see no sufficient reason for disturbing their decision upon that point.
The case is then narrowed down to the inquiry, whether the will, by its own force, operates to extinguish the debt. It is difficult to see upon what just rule of construction we can arrive at the conclusion, that what the testator called a mere gift, was intended, either in whole or in part, as the satisfaction of a prior legal obligation. And yet it is said to be a general rule, that a legacy given by a debtor to his creditor, which is equal to or greater than the debt, shall be considered as a satisfaction of it. Within this rule, if the debt be-one hundred dollars, and the legacy be also a hundred, the debt is paid, and the legatee has got nothing by the gift. But if the debt be a hundred, and the legacy but ninety-nine, no part of the debt is satisfied, *580 and both debt and legacy must be paid by the executor. These consequences follow from the general doctrine as it has usually been laid down. But the doctrine has been subjected to the influence of so many qualifying circumstances, that it was remarked by Savage, Ch. J. in Williams v. Crary, (4 Wend. 443,) “ that the rule on this subject seems to be, that a legacy shall net be deemed a satisfaction of a pre-existing debt, unless it appears to have been the intention of the testator that it should so operate.” Most of the cases on this subject are collected in Toller on Exec. 336—8, ed. of 1834; Math, on Presump. Ev. 107 to 118; and in note (1) to Chancey’s case, (1 P. Wms. 409, Cox’s ed.(b)) I do not think it necessary to go over them. It will be seen on looking into the books, that the courts have never been quite satisfied with the doctrine; and they have been ready to seize upon slight circumstances for the purpose of repelling the presumption—if, indeed, there be any— that the legacy was intended as a satisfaction of the debt. Parol declarations by the testator have been admitted; and when the less questionable course has been pursued, of looking at the will for the purpose of ascertaining the intention of the testator, it has been thought that the presumption of satisfaction was sufficiently answered by an express direction in the will for the payment of debts; or that the legacy is given upon a contingency; or is in some one particular less beneficial than the debt, though more so in other respects, as where the legacy, though greater in amount than the debt, is not to be paid until a future day. Other qualifying circumstances of no great importance have been taken into the account for the purpose of repelling the inference that the legacy was intended as a satisfaction of the debt.
In this case, it is impossible to say, unless we resort to some forced and arbitrary rule of presumption, that the testator intended the land should be deemed a satisfaction of the debt. He has, in the first place, given express di *581 rection in the will for the payment of all his debts, without any intimation that the plaintiff’s debt was to be deemed an exception. He has, in the next place, said to the plaintiff, “I give you this land,” without adding any thing to show that he meant less than he said. And here I may again notice, that the testator, after providing for his wife, took care to add a distinct clause for the purpose of declaring that the gift to her was not intended in its whole extent as a matter of bounty, but was to go in satisfaction of her right to dower. If it had been his purpose that the gift to the plaintiff should satisfy the debt, it is but reasonable to conclude that he would either have said so in terms, or have made some declaration from which such an intention could have been fairly gathered. The last fact which I shall notice is, that although the debt was already due, the plaintiff only took an estate in expectancy in the land. It is true that the life estate of the wife terminated by her death, within one or two days after the decease of the testator. But we are not to construe the will by the events which subsequently transpired, but by the state of things as they existed at the time the will was made; and although the plaintiff took an estate in remainder under the devise, which immediately vested in interest on the death of the testator, the time of enjoyment might, for aught we can see, have been postponed for ten or twenty years, or even a longer period. It is highly probable that the estate in remainder exceeded in value the amount of the debt; but there is no proof which conclusively establishes that fact. It may be added, that the rule which we have been considering in relation to a legacy, has been held not to apply to a devise of land to the creditor, though of greater value than the amount of the debt. (Partridge v. Partridge, 2 Har. & John. 63; Owings v. Owings, 1 Har. Gill, 484. On the whole, I think the referees were right in finding that the debt had not been satisfied.
Motion denied.

 See, on this subject, the' cases cited in Covien & Hill’s Notes to Phil Ev. 1493.

 See also Cowen & Hill’s Notes to Phill. Ev. p. 1493.