KINGS COUNTY.—HON. J. I. BERGEN, SURROGATE.—
November, 1884.

BOLLES *v.* BACON.

*In the matter of the judicial settlement of the account of the executor of the will of* HARRIET ROGERS, *deceased.*

Testatrix, by her will, after directing her executor to pay all her debts, gave the residue of her estate, which consisted of personal property, to her niece, B., " with whom I have resided for many years last past, to have and to hold the same unto her, her heirs and assigns forever." B. died before testatrix, leaving two children who survived the latter. Upon the settlement of the executor's account, it was contended that the recital as to residence indicated that the legacy was made in satisfaction of a claim; also that the concluding words of the bequest were substitutional, under which B.'s children took by purchase, and that the court might and should supply the word " or " before " her heirs."—

*Held*, that these contentions were unfounded; that the recital in question contained merely words of identification; that the habendum operated as a limitation; and that the legacy lapsed under the general rule.

An executor has no right to buy off contestants of his decedent's will, and charge the expenditure against the estate.

CONTEST over the construction of decedent's will upon the judicial settlement of the account of Stephen H. Bacon, the executor thereof. Objections were filed by Enoch Bolles, and others, decedent's nephews and nieces. The facts are stated in the opinion.

VAN WINKLE, CANDLER & JAY, *for executor.*

BRANCH & BRANCH, *for objectors.*

THE SURROGATE.—The testatrix, who died in March, 1881, by her will, after making certain specific bequests, declares as follows: " All the rest, residue and remainder of my estate, both real and personal, which I may die seized or possessed of, or entitled unto, of whatsoever kind, nature or description the same may be, and wheresoever situate, I do hereby give, devise and bequeath unto my niece, the said Lucy Ann Bacon, with whom I have resided for many years last past, to have and to hold the same unto her, her heirs and assigns forever."

Lucy Ann Bacon, the residuary legatee, died in March, 1880, leaving two children her surviving, namely, Stephen H. Bacon and Daniel Bacon, the former of whom is the accounting executor. The testatrix never had any children. Her father and mother died before her, and at her death she had one brother, Thomas Owen, living, since deceased. The

testatrix lived several years after executing her will. The contestants are her brothers' and sisters' children. The estate consists of personal property.

The main question arising upon this accounting is : does the legacy given by the residuary clause of the will lapse, or do the children take it as the heirs at law of Lucy Ann Bacon, the legatee and devisee therein named ?

The intention of the testator must be ascertained from the language of the will. The heirs at law of Lucy Ann Bacon insist that the words " to have and to hold to her, her heirs and assigns forever," must be construed as words of purchase.

The testatrix, by the fifth clause of her will, directs that, in case of the death of her nephew, Peter B. Rogers, or her niece, Harriet Wheeler, before her, leaving issue, such issue shall take the legacy bequeathed to the one so dying.

There is nothing in the context of the will to show that the testatrix intended that, in the case of the death of Lucy Ann Bacon, her children should take the legacy, but on the contrary, it appears to me that the fifth clause raises a strong presumption that the devise and legacy in the residuary clause were limited to the devisee and legatee, only if she survived the testatrix.

For had she intended that the heirs of the devisee and legatee should take the place of their mother, in the event of the death of the mother prior to her own decease, a similar provision would have been made as in the case of her nephew and her niece. The words " to have and to hold the same unto her, her heirs

and assigns forever," are not substitutional words, but words of limitation, and could never be construed alternatively, so as to substitute the heirs in place of the deceased devisee and legatee, without violating the best established rules of construction (Armstrong v. Moran, 1 *Bradf.*, 314; Comfort v. Mather, 2 *Watts & Sergeant*, 450; Brett v. Rigden, *Plowden*, 340; Steede v. Berrier, *Freeman's K. B.*, 292; Elliott v. Davenport, 1 *Pierre Williams*, 84; Goodwright v. Wright, *id.*, 397; Thurber v. Chambers, 66 *N. Y.*, 42).

The counsel for the executor contends that the word "or" should be supplied and placed before the words "her heirs and assigns forever," in the residuary clause. That, I think, would be establishing a very bad precedent, as, practically, it would be asking the court to make a will which would be in direct conflict with the clear and express language of the testatrix.

The established rule in the construction of wills is that no word can be supplied so long as there is any fair ground to question what particular words were intended to have been used, which were not (1 Redf. on Wills, 454). Courts will supply only such words as it is clear it was the intention of the testator to use, and then only in case there is ambiguity.

The counsel for the executor urges that the words used in the residuary clause, "with whom I have lived for many years," imply that the legacy was given in satisfaction of a claim in favor of the devisee and legatee against the testatrix.

I think that these words are merely words of identification, and form no part of the disposing clause.

They simply describe the person whom she desired to make the object of her bounty, and in no way suggest that the bequest was made in satisfaction of a claim. A legacy is never held to be a payment of a debt, unless the terms of the will show this to have been the intent (Boughton v. Flint, 74 *N. Y.*, 476; Williams v. Crary, 4 *Wend.*, 443).

In the case at bar, the testatrix, in the first clause of her will, directs her executor to pay all her debts. This direction negatives any intention on her part of making this legacy in satisfaction of a debt (Fort v. Gooding, 9 *Barb.*, 371).

I am, therefore, led to the conclusion that the legacy given by the testatrix, in the sixth clause of her will, to her niece, Lucy Ann Bacon, lapsed and went to the next of kin of the testatrix.

In reference to the item, in schedule C. of the account, of $500 paid to Abraham Wakeman, Esq., I think the referee was right in disallowing it, for it appears from the testimony of Mr. Wakeman that he was not employed by the executor, but on the contrary was employed by Georgiana Pettengill and others to contest said will; and after a large amount of testimony had been taken, a settlement by way of a compromise was effected, and Mr. Pettengill paid him for his services. And it further appears from the testimony of the executor, that he did not employ Mr. Wakeman, but that he allowed the contestants $500 for legal services and disbursements. If Mr. Bacon paid to Mr. Pettengill the amount which the latter paid his counsel for contesting the will, it is not, in my opinion, a proper item to be allowed to him.

An executor has no right to buy off contestants of a will and charge the expense against the estate.