(19 Misc. Rep. 92.)

In re GALWAY'S ESTATE.

(Surrogate's Court, Kings County. December, 1896.)

WORK AND LABOR—CLAIM AGAINST ESTATE—IMPLIED PROMISE TO PAY FOR SERVICES.
A niece took her aunt into her family because she had no one else to care for her, and kept and cared for her for seven years, during the last four of which the aunt was of unsound mind, and required special care and attention. There was no express agreement to pay for the services rendered, but the niece expected to be paid for them, and supposed her aunt would remunerate her by a provision of her will. The aunt made the niece her residuary legatee, but there was no residuary estate. *Held*, that there was nothing in the circumstances or the relationship of the parties to rebut the presumption of an implied promise to pay for the services rendered, and that the niece was entitled to be allowed their reasonable value from the estate.

Judicial settlement of the accounts of Mary C. Duffy as administratrix with the will annexed of Margaret Galway, deceased. The

administratrix claimed an allowance from the estate for the keeping and care of the testatrix during her lifetime.   Granted.

Charles A. Watson, for administratrix.

William J. Carr, for R. C. Orphan Asylum Soc.

ABBOTT, S.   It is conceded by the counsel for the general legatees that the administratrix c. t. a., the claimant, rendered the services and furnished the board and lodging for which she now claims compensation, and there is no dispute that the amount of her claim is the reasonable value of such services, board, and lodging. The claimant is a niece of the testatrix.   The testatrix boarded with the claimant for a period of about seven years, and during the last four years of that period she was of unsound mind, and required special care and attention.   The reason the claimant boarded and cared for her was because "she was without anybody to care for her."   There was no express agreement on the part of the testatrix to pay for such board, lodging, and care, but the claimant had always supposed that testatrix would remunerate her by making some provision for her by will.   While the will of the testatrix bequeathed her residuary estate to the claimant, there is no residuary estate, the entire estate of the testatrix having been more than exhausted by the general legacies bequeathed by her will.   Under these circumstances, will the law imply an agreement on the part of the testatrix to pay to the claimant the reasonable value of the board, lodging, and care furnished?   I am of the opinion that the law will imply such a promise to pay.   Moore v. Moore, 3 Abb. Dec. 303, per Wright, J., at page 312, lays down the general rule applicable to such circumstances, thus:   "Ordinarily, from the fact of rendition and acceptance of services, beneficent in their nature, the law will imply a promise to pay what the services are reasonably worth."   McCarthy v. Mayor, etc., 96 N. Y. 1;   Davidson v. Gaslight Co., 99 N. Y. 558, 566, 2 N. E. 892.   This may be accepted as the general rule.

It now remains to be determined whether in this case the relationship of the parties, and the circumstances surrounding the transaction, were such as to repel and overcome the legal presumption of an agreement to pay the reasonable value of the board, lodging, and care furnished to the testatrix.   It is in evidence, and not disputed, that from the outset the claimant expected to be paid for her services, although she had supposed this compensation would be by a provision for her by the will of the testatrix.   The law implies an intention on the part of the testatrix to pay for valuable services rendered to her with her knowledge and consent.   Thus we obtain the necessary element of contract.   The relationship is not sufficiently close to bring this case within the rule that a contract to pay will not be implied.   Neither had the testatrix and claimant been members of the same family before the contractual relation began.   It was the fact of the claimant making the testatrix a member of her family which constituted the beginning of such relation.   This constituted the first beneficent services rendered to the testatrix and accepted by her.   The language used by Judge Selden in Robinson v. Raynor, 28

N. Y. 494, must be read with reference to the facts then before the court, namely; that the relationship of parent and child existed between the parties. The mere fact that one contracting party expects to receive his compensation for services by will does not place him in any worse position than he would occupy if he had no such expectation. The expectation that services will be compensated by will must be unaccompanied by any mutual understanding, express or implied, that such services shall be paid for. In Martin v. Wright's Adm'rs, 13 Wend. 460, one of the cases cited by Judge Selden as an authority for his conclusion, the case of Jacobson v. Executors of La Grange, 3 Johns. 199, is cited with approval by Savage, C. J., thus:

"The plaintiff lived with his uncle, the testator, at his request, eleven years; and the uncle said the plaintiff should be one of his heirs, and proposed to plaintiff's mother-in-law to give him £350 in land, as a compensation for his services. The plaintiff had never made any claim upon the testator. The jury found a verdict for the plaintiff. Van Ness, J., in giving the opinion of the court, intimates that the plaintiff could not recover if the services were rendered without any view to compensation other than such as the testator chose to make by his last will and testament; but he also says that the services having been performed for the benefit of the testator, with his knowledge and approbation, the law implies a promise to pay, unless it can be shown that payment was never intended."

The rule is here recognized to be that if the services were rendered merely in expectation of a legacy, without any contract, express or implied, but relying solely on the testator's generosity, no action can be maintained. In all of the reported cases in which claims have been made against the estates of deceased persons for compensation for services similar to those for which a claim is now made, the rule of law is explicitly recognized that an agreement to pay for such services will be implied, unless the circumstances are such as to rebut such implication. Williams v. Hutchinson, 3 N. Y. 312; Ross v. Hardin, 79 N. Y. 84; Lynn v. Smith, 35 Hun, 275; Collyer v. Collyer, 113 N. Y. 442, 21 N. E. 114. The circumstances of this case do not rebut the implication of an agreement to pay. On the contrary, the claimant always expected to be paid for her services, and rendered them with the expectation of reward always in contemplation.

Let decree be entered accordingly, with costs payable out of the estate.

Decreed accordingly