Nov. Term,
1858.

ADKINS
v.
HUDSON.

*Thursday,*
*December 16.*

(1) *Ante,* 327.

---

## ADKINS *v.* HUDSON and Others.

Where a paragraph of an answer was rejected, but no exception was taken, nor was the paragraph made part of the record by a bill of exceptions, though a paragraph was copied into the transcript, purporting to be the one rejected, no question upon it is presented in the Supreme Court.

Suit to recover land. The plaintiffs gave in evidence a deed from a person admitted by both parties to have been the owner of the land in fee simple at the date thereof. It conveyed the land to *B.,* for the "sole use, benefit, and behoof" of the wife and children of *H.* The proof was, that *H.* was yet living; that his wife and part of his children had died since the execution of

the deed; that the other children were the plaintiffs, and claimed under the      Nov. Term,
deed. *Held*, that the deed was legal evidence; that the legal estate was exe-      1858.
cuted and vested in the persons for whose use the trustee took.
A question as to parties not made by the pleadings in the Court below, cannot      ADKINS
be raised in the Supreme Court.                                                       v.
The evidence given by the plaintiff in this case, is in the record. That given      HUDSON.
  by the defendant is referred to thus: "The defendant then gave in evidence
  the facts set forth in the second paragraph of his answer herein, (which para-
  graph has been heretofore set out in said answer). This was all the evi-
  dence in this cause." *Held*, that the evidence is not in the record.


APPEAL from the *Decatur* Circuit Court.                          *Thursday,*
                                                                 *December* 16.
HANNA, J.—This was an action by the appellees against
the appellant to recover a certain tract of land.

The appellant filed an answer containing a general de-
nial, and two paragraphs specially setting up matters in
defense.

A demurrer was sustained to the second paragraph of
the answer, and the third, was rejected on motion. Trial
by the Court; finding and judgment for the plaintiffs below.

Questions are attempted to be made upon the rejected
paragraph; but as there was no exception taken to that
ruling, and that paragraph is not made a part of the record
by the bill of exceptions, the bare fact that a paragraph is
inserted in the transcript by the clerk, purporting to be the
one rejected, does not properly bring it before us.

The ruling of the Court in sustaining the demurrer to
the second paragraph of the answer, was excepted to, and
is assigned for error, but the point is expressly waived in
the brief of counsel, and, therefore, does not require any
further notice from us.

The appellant insists that improper evidence was ad-
mitted. A deed was given in evidence by the appellees,
from a person admitted by both parties to have been the
owner in fee simple of said land at the date thereof. This
deed conveyed the land in controversy to one *Bohannan*,
to be held in trust for the wife and children of *Wesley Hud-
son*. The proof was, that the said *Wesley* was yet alive;
that his wife and a part of his children have died since the
execution of the deed; that the other children are the plain-
tiffs in this cause, and claim under that deed. The deed

Nov. Term, 1858.

was legal evidence. It purported to be for the "sole use, benefit, and behoof of the said *Sarah Hudson* and the children, &c. In this, and similar deeds, the legal estate is executed and vested in the person for whose use the trustee takes. Hill on Trustees, 235, and note.—*Mc Gill* v. *Doe*, 9 Ind. R. 306.

It is urged that *Wesley Hudson* acquired an interest in the land, at the death of those of his children who are shown to have died, and, therefore, he ought to have been made a party. The pleadings do not raise this question in the Court below, and it cannot now be made, for the first time, in this Court. He is not a party to the record, and will not be concluded by a decision of this case, as to any right he may have in the premises.

The next point made is upon the finding of the Court, and the refusal to grant a new trial. This involves the sufficiency of the evidence to sustain the finding. The evidence given by the plaintiff is in the record; that given by the defendant is referred to as follows: " The defendant then gave in evidence the facts set forth in the second paragraph of his answer herein (which paragraph has been heretofore set out in said answer). This was all the evidence in this cause." The evidence is not set forth in the record. This statement is a conclusion from the evidence which had been before the Court, and is not the evidence itself. It is not sufficient. We are not able to determine the question attempted to be made upon the evidence.

*Per Curiam.*—The judgment is affirmed with costs.

*J. S. Scobey*, for the appellant.

*J. Ryman*, for the appellees.