*May Term, 1861.*

HILL
v.
JAMIESON.

———

HILL and Another *v.* JAMIESON.

Errors of law occurring at the trial are waived, unless again brought to the attention of the Court in the motion for a new trial.

A pleading stricken out on motion, will not be regarded as part of the record, unless made so by bill of exceptions.

A contract which is personal in its character, and which would terminate with the death of the party making it, as a contract for personal services, though for an indefinite period, or for a term of years, might, by the death of the party, be performed within one year; and hence, is not within the fifth subdivision of § 1, of the Statute of Frauds.

May Term,
1861.

HILL
v.
JAMIESON.

Wednesday,
May, 29.

A motion for judgment upon the pleadings constitutes no part of the record, unless made so by bill of exceptions, or by the order of the Court. When an amended answer is stricken from the files, on motion, the original answer stands as though no amended answer had been filed.

APPEAL from the *Allen* Common Pleas.

WORDEN, J.—This was an action by *Jamieson* against *Hill* and *Jacobs*, upon two promissory notes given by the appellants to one *Anderson*, and by him indorsed to the plaintiff. Trial by jury. Verdict and judgment for the plaintiff. The defendants appeal and assign eight errors, which will be noticed in the order in which they are assigned:

*First.* The Court erred in not compelling the plaintiff to make true and perfect answers to interrogatories propounded to him. If any error was committed in this respect, it was waived by the appellants, as no new trial was asked upon this ground. *Kent* v. *Lawson*, 12 Ind. 675.

*Second* and *Third.* These assignments are based upon instructions assumed to have been given by the Court to the jury. No instructions are in the record; hence, no question is presented by these assignments.

*Fourth.* The Court erred in striking the amended answer from the files.

The defendants filed an answer of five paragraphs, the third of which was afterward amended, upon which issue was taken. The cause being about to be continued at one term, the defendants asked and obtained leave to amend their entire answer. At the next term they filed their amended answer, which, on the plaintiff's motion, was stricken from the files; for what reason does not appear. A paper, purporting to be such amended answer, is set out in the record; but it constitutes no part of the record, not having been made such by bill of exceptions. *Saunders* v. *Heaton*, 12 Ind. 20; *Chrisman* v. *Melne*, 6 Ind. 487. The rejected pleading not being before us, we can not notice it; and therefore can not determine whether it was such a pleading as should, or should not, have been rejected; but we must presume in favor of the ruling of the Court below.

*Fifth.* The Court erred in not granting a new trial.

It is urged that there should have been a new trial, and

that the verdict should have been rendered for the defendants, because the notes sued on were given for a consideration in part void, by the Statute of Frauds; and that there could be no apportionment. The notes seem to have been given for musical instruments sold by *Anderson* to the defendants, and the good will of the trade in those instruments, before that time carried on by *Anderson*, with an alleged agreement on his part, to aid and assist the defendants in the sale of the instruments; and that he would not thereafter sell, or aid in selling, such instruments, either for himself, or for others, except said defendants. These stipulations on the part of *Anderson* forming an indefinite part of the consideration of the notes, and being, as is claimed, void by the Statute of Frauds, not being in writing, it is insisted that no recovery can be had upon the notes at all. Without stopping to inquire whether the conclusion follows from the premises, we proceed to ascertain whether the stipulations on the part of *Anderson* are within the Statute of Frauds. We suppose reference is had to that portion of the statute which requires contracts not to be performed within a year to be reduced to writing.

The stipulations of *Anderson* were personal, and could devolve no liability upon his representatives for a breach after his death. His death would terminate the contract; however soon after the making thereof that event might have happened. His death might have taken place within a year, and in that event his contract might have been fully performed within the year. It is clear enough, upon the authorities, that such a contract is not within the statute. Thus, it is said by a late writer, "a parol contract to support a person for a certain number of years, or to deliver goods at the return of a particular ship, is not within the statute. For, in the one case, the person may die within a year, and if supported under the contract until his death, the contract will be fully performed; and in the other case, the ship may possibly return within a year; and though, in point of fact, it remain abroad five years, that can make no difference, since it is not understood that the contract is not to be performed within the year." Bateman on Com'l Law, § 209.

*Wiggins* v. *Keizer*, 6 Ind. 252, is also in point. We do not perceive any particular in which the evidence is not sufficient to sustain the verdict.

*Sixth.* The Court erred in not pronouncing judgment for the defendants, on the state of the pleadings. We find in the transcript a statement of the clerk that such a motion was made by the defendants, and overruled and exception taken. The pleadings stood as follows. The defendants had filed an answer of five paragraphs; the first of which was a denial, and the other four set up affirmative matter. The plaintiff replied in denial of the latter four. Afterward, the defendant obtained leave to amend their third paragraph, and upon the same being filed as amended, the plaintiff replied thereto by way of special denial, and afterward withdrew his special denial. In this state of the pleadings the cause was tried. The question thus arising is whether the original denial of the third paragraph is to be considered as remaining and putting in issue the third paragraph as amended, after a special denial had been filed to it and withdrawn. We see no particular harm in permitting the original denial to be considered as traversing the amended paragraph, if the parties so understood it. If the defendants did not so understand it, it is but natural to suppose that they would have taken a rule to reply, or other steps to put the cause at issue, after the withdrawal of the special denial. But we decide nothing upon this question, as we think it is not properly before us. Such motions constitute no part of the record unless made so by bill of exceptions, or the order of the Court. 2 R. S., § 559, p. 159; *Kirby* v. *Cannon*, 9 Ind. 371; Ind. Dig., § 497, p. 692.

No bill of exceptions, or order of the Court, shows that such a motion was made, or that the defendants sought in any manner to take advantage, in the Court below, of the alleged defect; and, as settled by repeated decisions, they can not raise the question for the first time in this Court.

*Seventh.* The Court erred in admitting improper evidence at the trial.

The items of evidence pointed out in the brief of counsel, as objectionable, are the protests of the notes for non-payment;

for tne costs of which they contend, and perhaps very properly, they should not be liable. It is a sufficient answer to this assignment to say, that the record does not show that the defendants objected to the introduction of the protests; though it shows that they did object to the introduction of the notes and indorsements, without assigning any reason for the objection, which was overruled.

*Eighth.*—The Court erred in trying the cause by a jury, when there was no issue made.

The appellants contend that when they, upon leave obtained, filed their amended answer, which was stricken from the files, the cause was left without any answer, and hence, that there was no issue to try; no pleadings except the complaint. We think differently. It seems to us, that when the amended answer was stricken from the files, the original answer stood as if no amended answer had been filed. But were this not so, no advantage was sought to be taken, or objection made, in the Court below, and the objection can not be successfully made for the first time here.

*Per Curiam.*—The judgment is affirmed, with costs, and 2 per cent. damages.

*L. O. Jacoby*, for the appellants.

*Withers* and *Morris*, for the appellee.