## BELL v. HEWITT's Executors.

CONTRACT.— WILL.—A agreed orally with B, in consideration that the latter would continue to live with him as a laborer on his farm, that, in addition to the usual wages for such labor, he would leave to B, in his last will, the sum of $500. Suit by B against the executors of A, alleging that he had continued to live with, and labor for, A, up to the time of his death, and that A had failed to make the promised provision in his will.

*Held*, that the agreement was not affected by the statute of frauds, 1st, because it had been performed by B; and 2d, because it was such an agreement as might have been performed within one year, by the death of A.

*Held*, also, that an action will lie upon the contract against the executors.

APPEAL from the *Union* Common Pleas.

ELLIOTT, C. J.—Suit by the appellant against the

appellees, as executors of *William Hewitt*, deceased, on an alleged contract between the appellant and *William Hewitt*, in his life-time. The court below sustained a demurrer to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action. Final judgment was rendered against the plaintiff for costs, from which he appeals.

The ruling of the court in sustaining the demurrer to the complaint raises the only question presented to this court.

The complaint alleges that, on the — day of *October*, 1861, the plaintiff and the said *William Hewitt* entered into an agreement, by which *Hewitt* promised that if the plaintiff would continue to live with him as a work hand on his farm, and work and labor for him, he, the said *Hewitt*, in addition to the usual wages allowed to work hands, would leave to him, said plaintiff, at his, said *Hewitt's*, death, in his last will, the sum of $500. That the plaintiff, in accordance with said contract and agreement, continued to work and labor on the farm of said *Hewitt*, in *Union* county, up to and until the time of the death of said *Hewitt*, in *May*, 1864. That the last will of said *Hewitt* has been duly probated in the Common Pleas Court of *Union* county, and that the defendants are the executors thereof; but that there was no legacy, or provision therein, for the payment to plaintiff of said sum of $500, or any other sum, and that the said defendants, as the executors of said *Hewitt*, deceased, refuse to pay to, or allow, the plaintiff the said sum of $500. The complaint prays judgment for $500. A memorandum in writing is made a part of the complaint. It is not signed by either of the parties, but is alleged to be in the handwriting of said *Hewitt*. It is as follows: "The wages that *Jon. Bell* is as high as any body would give him for a year, and he is among his friends, living with his uncle and aunt; his washing and mending are done; he has a horse to ride out when he wishes, and a kind family. I promise, further, to leave

him at my death, in my last will and testament, the sum of $500."

This memorandum, not being signed by *Hewitt*, leaves the agreement resting in parol. Under proper proof, it might, perhaps, be referred to on the trial, as evidence of the terms of the promise. The alleged agreement, having been performed by the plaintiff, is not affected by the statute of frauds. It does not come within the fifth subdivision of that statute, (1 G. & H. 350,) for the reason that, by the death of *Hewitt*, it might have been performed within a year. *Hill et al.* v. *Jamieson*, 16 Ind. 125; *Wilson* v. *Ray*, 13 *id.* 1. The allegations in the complaint show a definite contract between the parties, and a valid consideration for the promise of *Hewitt*.

The parties were capable to contract, and must be presumed to have determined the adequacy of the consideration for themselves. *Duffy* v. *Shockey*, 11 Ind. 70, and authorities there cited.

Under the averments in the complaint, the services of the plaintiff were not performed under a mere expectancy that *Hewitt* would leave him a legacy in his will, but under an express promise that *Hewitt* would leave him, by his last will, the sum of $500; and having failed to do so, we do not see why an action will not lie against his executors to recover the amount. *Jacobson* v. *The Exs. of Le Grange*, 3 John. 199; *Patterson* v. *Patterson*, 13 John. 379.

We think the court erred in sustaining the demurrer to the complaint, and the judgment must, therefore, be reversed.

The judgment is reversed, with costs, and the cause remanded, with instructions to the court below to overrule the demurrer to the complaint.

*J. S. Reid*, for appellant.

*J. F. Gardner*, for appellees.