## LEE, ADM'R, v. CARTER.

PRACTICE.— *Overruling Motion for Rejection of Pleading.* — *Record.* — The action of a court in overruling a motion to reject a pleading filed cannot be presented to the Supreme Court when the motion is not in the record, or when the ruling has not been reserved by a bill of exceptions.

CONTRACT.—*Agreement to Insert Provision in Will.*—Where services have been rendered by one under a verbal agreement by which, in consideration of such services, another had promised to insert a provision in his will, whereby he would devise and bequeath certain property to the person by whom such services were to be rendered, an action will lie against the administrator of the estate of the person so agreeing to make such provision in his will, for the breach of such agreement.

ADMINISTRATOR.—*Estoppel.*—Where an administrator is sued, as such, for the recovery of a money judgment against the estate represented by him, he cannot, in such action, set up an estoppel to protect his title to real estate under a purchase thereof made by him in his individual capacity from the heirs-at-law of his decedent.

From the Bartholomew Circuit Court.

*F. T. Hord,* for appellant.

*S. Stansifer* and *R. Hill,* for appellee.

BUSKIRK, J. — The record shows that appellee filed his claim, in the clerk's office of Bartholomew county, against the estate of George Cline, deceased, which was duly sworn to, as required by law.

The appellant filed a written motion to strike out certain parts of the first paragraph of the complaint, but before any ruling was had thereon, the motion was withdrawn, and a demurrer to such paragraph was filed, which was sustained.

The appellee asked and obtained leave to file an additional paragraph of complaint. Thereupon an amended complaint was filed, which was duly sworn to, as required by law. The amount claimed in the amended complaint is much larger than that claimed in the original complaint. We are informed by the clerk that the appellant filed a written motion to reject the amended complaint, that such motion was overruled, and an exception taken; but the motion is not in the record, and the question is not reserved by a bill of

Lee, Adm'r, *v.* Carter.

exceptions.   A demurrer was filed and overruled to the first paragraph of the amended complaint, and an exception entered.

The appellant answered in five paragraphs.   A demurrer was sustained to the fourth, to which ruling an exception was taken.   Reply in denial to the second, third and fifth paragraphs, and an affirmative reply to the third.   Trial by jury; verdict for appellee ;  motion for a new trial overruled; judgment.   The evidence is not in the record.

The errors assigned are:

1.   That the court erred in overruling the motion to strike out parts of the first paragraph of the complaint.

2.   That the court erred in overruling the motion to reject the amended complaint.

3.   That the court erred in overruling the demurrer to the first paragraph of the amended complaint.

4.   That the court erred in sustaining the demurrer to the fourth paragraph of the answer.

The motion to strike out parts of the first paragraph of the complaint was not ruled on, but was withdrawn.   No question is presented.

We have seen that the motion to reject the amended complaint is not in the record; hence, we cannot determine upon what it was based, and must presume that the ruling of the court below was correct.

Besides, if the motion itself was in the record, the ruling of the court thereon is not reserved by a bill of exceptions. That this is indispensably necessary is settled by a long line of decisions.   *Anthony* v. *Lewis,* 8 Ind. 339; *Adkins* v. *Hudson,* 11 Ind. 372;   *Greer* v. *Studabaker,* 14 Ind. 519; *Vanhouten* v. *Vagen,* 22 Ind. 274; *Davis* v. *Warfield,* 38 Ind. 461; *Lynch* v. *Jennings,* 43 Ind. 276; *Dobell* v. *Bradley,* 47 Ind. 263.   In the case last cited, it was held that the action of the court in overruling a motion to strike out part of a pleading cannot be presented to the Supreme Court when the question has not been reserved by bill of exceptions.

We proceed in inquire whether the court erred in over-

ruling the first paragraph of the complaint, which avers, substantially, that, in 1837, appellee and George Cline, deceased, agreed that appellee should take possession of and reside on said Cline's land, amounting to one hundred and sixty acres, lying in Bartholomew county; that appellee should clear and improve such portions as he might be able to do, and appellee should permit said Cline to reside with him, doing his mending, washing and boarding; and said Cline promised to compensate plaintiff by a provision in his will, whereby he would devise to appellee said one hundred and sixty acres; that, in 1837, appellee took possession of the land, cleared about one hundred acres, built fences, dwelling-house, stable and other out-houses thereon, and permitted Cline to reside in his family; and he resided on said Cline's land until 1857, when appellee's wife died, and he broke up house-keeping, when Joseph Carter went to the farm, and he continued there until 1869, when he died; and about the 1st day of August, 1869, said Cline, deceased, again requested appellee to resume the relations first existing between himself and decedent, and agreed that if he would, he (Cline) would compensate appellee therefor by a provision in his will, which he promised to execute, whereby he would devise all of his property, real and personal, to appellee, or his children in the event he should survive appellee. And appellee resumed the relations theretofore existing between them; and on the 9th of August, 1872, Cline departed this life, without making any will, and without compensating appellee for his services. That the value of the real estate was eight thousand dollars, his personal property six hundred dollars, and the value of his services was ten thousand dollars, for which he demands an allowance.

The question presented is not a new one in this court.

In *Bell* v. *Hewitt's Executors*, 24 Ind. 280, this identical question was presented, and it was there held that services rendered under an express agreement that they were to be compensated by a provision to be inserted in the will of the party for whom they were rendered, were a sufficient con-

sideration for such promise, and that the promise alleged upon that consideration made a valid contract, not affected by the statute of frauds, for a breach of which an action arises, as in any other case of breach of contract.

The ruling in the above case is in entire accord with the decided weight of authority in other states. We cite the following cases as fully supporting the ruling in this State: *Jacobson* v. *Executors of LeGrange*, 3 Johns. 199; *Patterson* v. *Patterson*, 13 Johns. 379; *Martin* v. *Wright's Adm'rs*, 13 Wend. 460; *Eaton* v. *Benton*, 2 Hill, 576; *Robinson* v. *Raynor*, 28 N. Y. 494.

The last question arising in the record is, whether the court erred in sustaining a demurrer to the fourth paragraph of the answer.

This answer avers, substantially: "For answer to all of plaintiff's demand in excess of six hundred dollars, says that George Cline died, the owner of the land described, which descended to his only heirs, John Cline and William Cline." That the appellee in this action, immediately after the death of said George Cline, entered into a negotiation with the said heirs for the purchase of said real estate, and represented and stated to said heirs that the entire indebtedness of said estate was very small, and would not exceed the value of the personal estate of said decedent, and that he, the appellee, would agree to take said personal estate and pay all the indebtedness of said Cline, deceased. That the said heirs informed this defendant of the statements thus made by the appellee, and the appellant thereupon, relying on the said statements so made by appellee, and believing them to be true, and having no knowledge whatever of the indebtedness against the estate of said Cline, and having no reason to believe that the statements made by appellee were not true, and being ignorant of plaintiff's claim, believed the said heirs of said Cline could convey a perfect title to said premises free and clear from the indebtedness of said decedent and appellee, and appellant entered into negotiations for the

purchase of said real estate with said heirs, and he purchased the same for a large sum, to wit, eight thousand dollars, and the same was conveyed by said heirs to appellant, who now owns and possesses the same on his own personal account. That appellant was induced to make said purchase by the said statements of appellee that said estate was not indebted. That appellee, as appellant well knew, had resided for many years with the decedent, and had the management, during all of said time, of Cline's affairs, and was perfectly acquainted with the condition of his estate, and the amount of his indebtedness, and the amount of his personal estate, while appellant had no knowledge whatever of the affairs or indebtedness of said decedent. That the personal property of said decedent does not now, and did not at his death, exceed six hundred dollars in value, of which appellee well knew, and whatever allowance plaintiff may recover in this action, in excess of said sum of six hundred dollars, must be made by the sale of the said real estate so purchased and now owned by the appellant; wherefore appellee is estopped to assert any claim in excess of said six hundred dollars.

Two questions are presented: 1. Do the facts above stated work an estoppel? 2. This being an action to recover a money judgment against the estate of the decedent, can the administrator of such estate set up an estoppel in his favor in his individual capacity?

Having arrived at the conclusion that the appellant, when sued as administrator, and when the only question to be decided was whether the estate of the decedent was indebted to the appellee, cannot set up an estoppel to protect his title under the purchase from the heirs at law of the decedent, we will not now consider and decide whether the facts averred in the fourth paragraph of the answer constitute a valid estoppel. It will be time enough to decide such question when it arises and is essential to the decision of the cause.

We think the court committed no error in sustaining the demurrer to the fourth paragraph of the answer.

The evidence not being in the record, no question is pre-

sented as to the action of the court in overruling the motion for a new trial.

We find no error in the record.

The judgment is affirmed, with costs.