### FROST ET AL. *v.* TARR ET UX.

CONTRACT.—*Promise to Make Provision in Will.*—*Damages.*—Where a person promises that, at his death, he will leave, give and bequeath a certain share of his estate to another, in consideration of certain service to be performed by the latter, an action for damages will lie for the violation of such promise, against the personal representative of the former, on behalf of said other person, he having performed said service under the contract, and the damages may be measured by the value of the portion promised, and the plaintiff will not be limited to the value of the service so performed by him.

STATUTE OF FRAUDS.—*Contract to be Performed at Death.*—A contract, which by its terms is to be performed at the death of one of the parties, is not within the provison of the statute of frauds which requires contracts not to be performed within a year from the making thereof to be in writing.

From the Orange Circuit Court.

*F. Wilson* and *M. F. Dunn,* for appellants.

*T. L. Collins,* for appellees.

DOWNEY, J.—Jane Tarr and her husband, Green Tarr, sued James Frost and Walter W. Chisman, executors of the will of Simeon Frost. The complaint is in two paragraphs. It is alleged in the first paragraph, in substance, that in March, 1846, the deceased entered into a contract with the father of the female plaintiff, to take her into his family and to board, educate and clothe her as his own child, until she was twenty-one years old, or was married, or until the death of the said Simeon Frost, and that she should live with him and his family during such time, and if she did so, he would, at his death, leave, give and bequeath to her a share or interest in his estate, equal in value to any share or interest had or received by any children of the said Frost; that he left surviving him two children and the descendants of three other children, who died before him; that she, in consideration thereof, by her said father, agreed to live with the deceased, as his own child in his family, and do and perform the usual labor and housework done by females in housekeeping, during said time. She alleges full performance of said contract on her part, and her marriage, on the

22d day of August, 1855, to one Chatham; that Chatham died, and she afterwards married the said Green Tarr, her present husband; and the failure of the deceased to give, devise, or bequeath any part of his estate to her excepting the sum of fifty dollars; that the deceased left an estate of the value of twenty thousand dollars of real and personal estate, the greatest portion of which was bequeathed to James A. Frost, son of the deceased, wherefore plaintiffs demand judgment for one-sixth part of said estate, and for the sum of four thousand dollars, and other proper relief.

The second paragraph is for the price and value of work and labor done and performed by the female plaintiff for the deceased, at his request, in taking care of his house and family, and in performing the duties of house servant and housekeeper for said deceased for the space of nine years, of the value of three thousand dollars.

A demurrer to the first paragraph of the complaint was filed by the defendants, alleging that it did not state facts sufficient to constitute a cause of action, which was overruled by the court.

The defendants then answered:

1. A general denial.

2. That the cause of action did not accrue within six years before the commencement of the action.

3. That the contract or agreement mentioned in the complaint was not to be performed within one year from the making thereof, and the same was made in parol, and no memorandum or note thereof in writing, signed by the party charged, was made then or afterwards, by himself or any person thereunto by him lawfully authorized.

Reply in denial of the second and third paragraphs.

The trial was by a jury, and there was a verdict for the plaintiff, a motion for a new trial made and overruled, and judgment on the verdict.

It is assigned as error:

1. Overruling the demurrer to the first paragraph of the complaint.

2. Refusing to grant a new trial.

As a reason why we should not consider the first alleged error, it is submitted by counsel for the appellees, that the court instructed the jury that they should disregard that paragraph of the complaint.

We do not find it necessary, however, to make the case, as to this point, turn on this ground. The objection made to this paragraph of the complaint is, that such a contract could not be enforced specifically, and that the plaintiff, if she could recover at all, must recover on a complaint for work and labor, such as the second paragraph of the complaint.

We think this position is untenable. It is true, that the contract alleged is one, the specific performance of which would not be decreed. But it does not follow, because a court will not decree specific performance of a contract, that therefore no action for damages will lie upon it when it has been violated. On the contrary, we think such action will lie, and that the damages in this case may be measured by the value of the portion which was promised, and that the plaintiff, in such case, is not limited to the value of the services performed, in the recovery. *Bell* v. *Hewitt's Ex'rs,* 24 Ind. 280; *Lee, Adm'r,* v. *Carter,* 52 Ind. 342.

On the trial, the court improperly put the case exclusively on the second paragraph of the complaint, excluded a part of the evidence offered in support of the first paragraph, and finally instructed the jury to disregard that paragraph, assigning as a reason therefor that the contract set up therein was one, the specific performance of which could not be decreed. The court, however, admitted evidence, and left it to the jury to say whether the cause of action accrued on the completion of the work, or not until the death of Frost. It is urged that this was an error. We hold that there was no substantial error in this. If, on account of the erroneous instruction to the jury to disregard the first paragraph of the complaint, the jury could and did regard the second paragraph only, still, we think the variance, if

Frost *et al. v.* Tarr *et ux.*

any, between the evidence and the second paragraph of the complaint might have been cured by an amendment in the circuit court, and should be regarded as having been so cured. If the compensation was to have been made at the death of the deceased, the statute of limitations would only run from that date, and the action was commenced in time.

There is nothing in the question made as to the section of the statute of frauds which requires contracts not to be performed within a year from the making thereof to be in writing. The contract might have been performed within that time in one event, that is, in the event of the death of Frost within the year. *Hill* v. *Jamieson,* 16 Ind. 125; *Bell* v. *Hewitt's Ex'rs,* 24 Ind. 280.

It is probable that, on account of the ruling of the court with reference to the first paragraph of the complaint, the amount which the plaintiff recovered was less than it otherwise might have been; but she is not complaining of this. We think there is no valid reason for reversing the judgment.

The judgment is affirmed, with five per cent. damages and costs.

BUSKIRK, J.—I concur in so much of the foregoing opinion as holds that the first paragraph was good, but I dissent from the portion of the opinion which holds that the court committed no error in overruling the motion for a new trial. The court below overruled the demurrer to the first paragraph of the complaint, and upon the trial admitted proof of the contract, but excluded evidence which was offered as a basis for the assessment of the damages, and finally directed the jury to entirely disregard the first paragraph. There is no doubt that the court possessed the power to set aside the submission of the cause to the jury and reform the issues; but having overruled the demurrer to the first paragraph, and an issue having been formed thereon, it possessed no power to direct the jury to disregard such issue. There is no cross-assignment of error by

the appellees, and hence the court could not pass upon such rulings.    We are bound to assume that the jury disregarded the first paragraph of the complaint.  In that event, the plaintiffs were deprived of the right of trying the issue thereon. In determining whether the court erred in overruling the motion for a new trial, we are to regard only the second paragraph of the complaint.    All the evidence that was offered tended to support the first paragraph.    There was no evidence introduced which supported the common count for work and labor.    As the verdict must have been based upon the second paragraph, the question is, whether it is sustained by the evidence, and I am very clear that it is not. If, however, there was evidence to support the second paragraph, the plaintiff was not entitled to recover, because the contract was barred by the statute of limitations.    So, viewing the case in either aspect, the court, in my judgment, erred in overruling the motion for a new trial.    I do not regard it as a question of variance, but a failure of proof. There is a marked difference between a variance between the allegations of the complaint and the evidence, and a failure of proof.  Buskirk Prac. 336–340.  The variance was not amendable in the court below, because the court charged the jury that the plaintiff could not recover on the first paragraph.    The case made by the evidence was, that the female plaintiff was to be adopted as an heir, was to live with her grandfather until her marriage or arrival at age, and for her services she was to share equally with the children of her grandfather, and that he had died without making any provision for her in his will, or otherwise.    Such evidence could not support a verdict based upon the second paragraph of the complaint.