## STANFORD v. DAVIS ET AL.

PRACTICE.—*Demurrer to Evidence.*—Where a party to an action which is being tried by a jury, upon the conclusion of the evidence, files a demurrer thereto, it should be overruled, if, from such evidence, the jury *might* have found a verdict for the opposite party.

SAME.—*Pleading.*—*Joint Demurrer.*—To an answer containing several paragraphs the following demurrer was filed, viz: The plaintiff demurs to the second, third, fourth, fifth and sixth paragraphs of the answer of the defendants, and assigns for cause that neither of said second, third, fourth, fifth or sixth paragraphs of answer alleges facts sufficient to consiitute a defence to the plaintiff's cause of action."

*Held*, that this demurrer is a joint one to the five paragraphs of the answer, and should be overruled if any one is good.

PROMISSORY NOTE.—*Consideration.*—*Failure of.*—*Verbal Promise.*—Where the consideration of a promissory note, not payable in bank, was the verbal promise of the payee to the maker to procure the execution to the latter of a lease, for a definite time, of a building belonging to a third person,

*Held*, in a suit upon such note, that a paragraph of answer, setting up such verbal promise and alleging a breach thereof, is good as a plea of failure of consideration.

From the Hamilton Circuit Court.

*D. Moss*, for appellant.

*J. Stafford, W. Garver* and *J. S. Losey*, for appellees.

PERKINS, J.—Suit by Thomas Stanford, the payee, against Charles K. Davis and Isaac C. Hurst, the payors, of a promissory note for eight hundred and thirty-nine dollars and thirty-one cents, dated Noblesville, August 25th, 1868, and payable forty months after date.

The defendants answered in six paragraphs.

1. Want of consideration.

2. Failure of consideration.

The third, fourth, fifth and sixth paragraphs were, severally, answers, substantially, of failure of consideration, each varying somewhat from the others in its statement of the facts showing failure.

They all averred that the note sued on was the last of a series of notes given by the defendants to the plaintiff on two considerations, one executed, the other executory.

The main facts of the transaction in which the notes originated are alleged in the answer to be, substantially, as follows, viz:

Stanford owned a stock of goods, then being in a store-room owned by him and one Jackson, in Noblesville, and favorably located for mercantile business. Stanford proposed to sell the stock of goods to Davis and Hurst, and they were willing to purchase, and at a higher price than otherwise, if they could retain the room in which the goods were, for a period of three years from the expiration of the existing lease of Jackson's half, held by Stanford. After much delay and negotiation, Stanford sold the goods to Davis and Hurst, at the higher price talked of in the negotiation, and agreed to give them a lease on the room for three years from the expiration of the existing lease from Jackson, (which run for about a year,) at three hundred dollars per annum. The goods were delivered in the store-room, and the purchasers put in possession. Notes, five in number, were executed for the aggregate price of the goods delivered and the rent of the building for three years, on Stanford's promise to them that they should have it for that length of time from and after the expiration of Jackson's lease above mentioned, at the price above named, and that he would have executed a written lease, securing it to them.

Some of the paragraphs allege that he practised certain fraudulent means, to get the purchasers to make the trade and give the notes; such as representing to them that he wanted to use the notes as a means to enable him to pay Jackson for his half of the building, of which the store-room was a part; that he had purchased his half of it, etc.; but all aver that the consideration of the notes included the price of the rent for the three years, and that all the notes, except the one sued on, had been paid; that Stanford had not purchased Jackson's half of the building,—that Jackson would not consent to rent the room, but demanded the expulsion of Davis and Hurst.

The sixth paragraph of answer was made, substantially though not formally, a cross-complaint, and claimed damages for breach of contract in not giving the lease, in addition to the nine hundred dollars failure of consideration for rent. See *Gilpin* v. *Wilson*, 53 Ind. 443.

A demurrer, of which the following is a copy, was filed: "The plaintiff demurs to the second, third, fourth, fifth and sixth paragraphs of the answer of the defendants, and assigns for cause, that neither of said second, third, fourth, fifth and sixth paragraphs of answer alleges facts sufficient to constitute a defense to the plaintiff's cause of action."

The demurrer was overruled, generally, and exception taken.

The plaintiff then filed a reply, taking issue upon all the paragraphs of the answer.

The cause was submitted to a jury, and the evidence on the part of the defendants heard, whereupon, the plaintiff demurred to the evidence, the defendants joined in the demurrer, the jury was discharged, the demurrer was overruled by the court, and final judgment rendered for the defendants. Exception was taken by the plaintiff, and an appeal to this court.

Two errors are assigned, viz.:

1st. The court erred in overruling the demurrer to the evidence.

As to this action of the court, it was correct, if, from the evidence, a jury might have found a verdict for the defendants. The evidence is quite voluminous, and can not, with propriety, be copied into this opinion. It is somewhat vague and confused, but we think that, had it been left to the jury, they *might* have a found a verdict for the defendants.

2. As to the overruling of the demurrer to the answer. The demurrer was a joint one to five paragraphs of the answer. If one of the paragraphs was good, the demurrer was rightly overruled. One of them, at least, was good.

It is suggested, that performance of the parol contract for the lease could not have been specifically enforced, and, therefore, a breach of it could not be set up as a failure of consideration, or as constituting a claim for damages. We need not examine the point as to its specific enforcement, but that its breach constituted a failure of consideration, see *Frost* v. *Tarr*, 53 Ind. 390; *Hadden* v. *Johnson*, 7 Ind. 394; *Huffman* v. *Starks*, 31 Ind. 474; Taylor on Landlord and Tenant, p. 35, *et seq.*

The judgment below is affirmed, with costs.