## IRWIN ET AL. *v.* THE STATE, EX REL. SPOORE.

CONTRACT.— *Verbal Agreement.*—*Decedent's Estate.*—*Liability of Administrator.*—*Special Findings* —*Conclusions of Law.*—On the trial of a suit upon the bond of the administrator of the estate of a deceased intestate, brought on the relation of an heir at law of such decedent, the court trying the cause found, specially, that such administrator and relatrix were children of the decedent; that during the lifetime of the decedent she conveyed, by deed, certain land to her son, the defendant, in consideration of his acceptance of a condition, imposed upon him in such deed, that he would support his mother during her lifetime ; that subsequently, upon his promise to provide other means for her support, she joined him in a conveyance of such land to another; that by direction of the son, a portion of the purchase-money of such sale was paid to the mother, and promissory notes for a certain amount, secured by mortgage, were executed to her, by such purchaser; that this was done pursuant to an agreement between the mother and son that she should use so much of such money and the proceeds of such notes as was necessary to her support during her lifetime, and that on her death the residue thereof, if any, should become the property of the son individually ; that the mother died, leaving an unexpended portion of such money and notes, all of which came into the hands of the son, who became the administrator of his deceased mother's estate; that such sum, and no other, remained in his hands as such administrator, and that he refused to charge himself with such sum as such administrator, claiming the same as his individual property.

*Held,* that the conclusion of law arising upon these facts is, that such resi-
due is the individual property of such son, and that he is not liable to
such relatrix for any portion of it.

*Held,* also, that such agreement, being one merely as to the disposition of
the proceeds of such notes, is not invalid as changing their legal effect.

From the Hamilton Circuit Court.

*D. Moss,* for appellants.

*W. Garver* and *J. S. Losey,* for appellee.

BIDDLE, J.—Suit against the appellants, by the relatrix,
on the bond of James O. Irwin, administrator of the
estate of Charlotte Irwin, deceased. Pleadings filed,
issues joined, jury waived, and finding by the court as
follows:

That Alexander Irwin died, testate, leaving as his heirs
at law and legatees, by his last will and testament, Char-
lotte, his widow, and several children, all of whom, except
James O. Irwin, Philena Bauchert and Margaret Spoore,
died before said Charlotte, deceased. That but one of
said children left issue after her death, to wit, Mary
Bradley, who leaves still surviving her two children.
That on the 16th day of April, 1864, the said Charlotte
conveyed to her said son, James O. Irwin, all her right,
title and interest, in a certain tract of land in Hamilton
county, Indiana, containing about one hundred and
six acres, in consideration, expressed in the deed, that
said James O. would comfortably maintain and support
her during her natural life. That afterwards said James
O., having become anxious to sell the land, agreed with
his said mother that if she would join with him in a
deed of conveyance to one George Spanneth, that he,
James O., would make other and satisfactory provision
for her maintenance and comfortable support. That on
the 12th day of October, 1866, said Charlotte Irwin and
said James O. Irwin did so deed said land. That at the
same time, by mutual agreement between said Charlotte
and James O., Spanneth paid to said Charlotte two hun-
dred and twenty dollars, and by the advice and consent

of, and pursuant to mutual agreement between said mother and son, executed two promissory notes, each for six hundred and forty dollars, payable to said Charlotte, and secured by a mortgage on the land. That Charlotte and James O. verbally agreed with each other, prior to the execution of said notes, and at the time of the execution of the same, that said James O. would maintain his mother, that the notes were given to her for that purpose, and in case they were not sufficient for her maintenance, that he would furnish additional means to her after said notes were exhausted, and that if the notes were not all consumed in her maintenance, any residue of said notes that might remain after her death should revert to him and be his individual property. That on the 19th day of March, 1869, Charlotte died, intestate, and that James O. took out letters of administration on her estate, gave bond as administrator, and qualified according to law. That, afterwards, Jacob Bauchert, who had intermarried with Philena Irwin, demanded of James O. Irwin settlement for the maintenance of his mother-in-law, the said Charlotte, and payment to his wife in consequence of her heirship; that settlement was made concerning both demands, and Bauchert received in payment between two hundred dollars and four hundred dollars; that James O. made no settlement with, or payment to, any other of said heirs, and that nothing has ever been paid to the relatrix herself. That there came into the hands of said administrator the balance due on said notes and remaining unpaid at the death of his mother, the sum of eight hundred and seventy-seven dollars and fifty-three cents; also an additional amount which she had saved, which additional amount was paid by said James O. to Philena and her husband in full satisfaction of all their demands against said estate, or as their distributive share thereof. That there are no claims or demands against said estate except the costs of administration. That Milford H. Vert is surety of the said James O., on his administrator's

bond, and the only bondsman served with process in this case. That said James O. claims to be the owner in his own right of said notes and the proceeds thereof, and therefore has made no inventory of the same, and denies all liability. That all the moneys which came into the hands of said James O., mentioned and referred to in the foregoing finding, were the residue of the moneys paid to said Charlotte, and evidenced by said Spanneth's notes, being in fact the residue of said fifteen hundred dollars, as provided for her said maintenance in said sale to said Spanneth.

And the court, as a conclusion of law upon said facts, found that said notes and the proceeds thereof were not the property of said defendant, James O., in his own right, but that they were the assets of said estate of said Charlotte, deceased; and that the said James O. Irwin, as her administrator, is liable for the same to the heirs of said Charlotte, except Philena Bauchert, who has been fully paid and satisfied as to all lawful claims against said estate as heir or creditor of the same. That there is in the hands of said administrator the sum of eleven hundred and forty dollars and seventy-five cents, unaccounted for by him as such administrator.

The court then proceeded to adjust the amounts to their proper uses, and rendered judgment accordingly. Exceptions were taken to the conclusion of law upon the finding, and this is the only alleged error assigned in the case.

It seems, by the briefs of the counsel, that the court based its conclusion of law in favor of the appellee, upon the fact that the verbal agreement between James O. and Charlotte Irwin as to the residue of the notes, made previously to and contemporaneously with their execution by Spanneth, was invalid, because it changed the legal effect of the notes; but as Spanneth, the maker, was not a party to that agreement, we do not see how it affected the the obligation of the notes in the least. It was an agree-

ment only as to the proceeds of the notes, and did not affect their terms or validity. Besides, there is no question made in the record as to the incompetency of any evidence admitted, nor as to its sufficiency to sustain the finding. We can not perceive how the court, after finding, in effect, that the residue of the Spanneth notes was the property of James O. Irwin, could find, as a conclusion of law, that the same residue belonged to the estate of Charlotte Irwin, deceased. The finding of facts, as it is not questioned, must be held as right; the conclusion of law, therefore, is wrong.

The judgment is reversed, with costs, cause remanded, with instructions to find the conclusion of law in favor of the appellant James O. Irwin, as to the residue of the sum due on the Spanneth notes at the time Charlotte Irwin died; and for further proceedings in accordance with this opinion.