## MAUCK ET UX. *v.* MELTON ET AL.

VERBAL CONTRACT TO CONVEY OR DEVISE LANDS.—*Statute of Frauds.*— *Lost or Destroyed Will.*—*Evidence of.*—*Partition.*—In an action for parti-

tion of the lands of an intestate, a defendant answered claiming title to the whole of the lands by virtue of the performance of a verbal contract made between such intestate and the defendant, whereby the former put the latter in possession of the lands, and agreed to convey or devise the same to him, in consideration of the promise of the latter to board and care for the former during life.

*Held,* that such contract is not within the statute of frauds.

*Held,* also, that evidence of a will prepared by the intestate, devising part only of such lands to the defendant, spoken of by the witnesses as lost or destroyed, and the existence of which at and since the intestate's decease was unknown, was incompetent and immaterial.

From the Harrison Circuit Court.

*G. W. Denbo* and *W. A. Porter,* for appellants.

*W. F. Jones, S. J. Wright, L. Jordan* and *H. Jordan,* for appellees.

NIBLACK, J.—This was an action for the partition of two forty-acre tracts of land in Harrison county, by Mary Mauck and her husband, George Mauck, against Lavisa Melton and her husband, Daniel Melton, Daniel T. Gilmore and Mollie Gilmore.

The complaint alleged, that Mary Gilmore, who was the mother of the said Mary and Lavisa and the grandmother of the said Daniel T. Gilmore and Mollie Gilmore, had died intestate, seized in fee-simple of the lands of which partition was demanded.

Mrs. Melton and her husband answered in three paragraphs:

1. In general denial.

2. Setting up a verbal contract, by which, in consideration that they would board and care for the said Mary Gilmore during her life, and attend to all her proper wants, she was to convey said lands to the defendant Lavisa Melton, or devise the same to her by will, and averring that the said Mary Gilmore had put them in possession of said lands under said contract, that they had boarded, cared for and attended to the said Mary Gilmore, in a suitable manner, from that time until the time of her

death, a period of near six years. Wherefore they averred, that the said Lavisa was the owner of said lands in her own right.

3. Setting up a contract similar to that described in the second paragraph, and adding that said defendants had made valuable and lasting improvements on said lands, under said contract. Also praying, that, if partition of said lands should be made, an additional portion of the same should be set apart to the said Lavisa, to compensate them for their improvements.

The plaintiffs replied in denial of the second and third paragraphs of the answer, and the cause was submitted to the court for trial.

The court found that the said Lavisa was the owner in her own right of the lands in dispute, and, refusing partition, rendered judgment against the plaintiffs for costs.

The plaintiffs, by a motion for a new trial, raised the question of the sufficiency of the evidence to sustain the finding, and that is the only question to which our attention has been invited here.

It has been decided by this court, and we think correctly, that a contract such as that set up in the second paragraph of the answer is not within the statute of frauds, and may be specifically enforced by appropriate proceedings. *Moreland* v. *Lemasters*, 4 Blackf. 383; *Stater* v. *Hill*, 10 Ind. 176; *Fall* v. *Hazelrigg*, 45 Ind. 576; *Frost* v. *Tarr*, 53 Ind. 390; *Irwin* v. *The State, ex rel. Spoore*, 54 Ind. 137; *Harper* v. *Harper*, 57 Ind. 547.

There was evidence upon the trial showing that after Melton and wife went into the possession of the lands described in the complaint, Mrs. Gilmore executed a will disposing of her entire estate, and tending to show that by such will she devised and bequeathed at least the greater portion of her property, including said lands, to Mrs. Melton.

The appellants insist, that, under such circumstances, Melton and wife ought to have claimed under Mrs. Gilmore's will, and not under the verbal contract set up in the second paragraph of their answer, which was, in legal effect, superseded by the execution of the will.

This will was, upon the trial, however, spoken of and treated as a lost or destroyed will. No witness then claimed to have either seen or to have known of the actual existence of this will since Mrs. Gilmore's death, or for several years previously thereto, although it appeared that diligent search for it had been made, and there was no pretence that such will had ever been proved and established as a lost or destroyed will. In this condition of affairs regarding the will, no valid claim to any portion of Mrs. Gilmore's estate could have been set up under it or supported by it.

A lost or destroyed will can not be used as evidence to sustain, or otherwise affect, the title to property devised or bequeathed by it, until it has been proved and established in the mode prescribed by law. See act concerning wills, 2 R. S. 1876, p. 570.

We are therefore of the opinion, that all the testimony introduced concerning the execution and contents of the will, referred to as above, was both irrelevant and immaterial.

While there was considerable conflict in the evidence, we think that so much of it as was relevant and material fairly sustains the finding of the court, and we see no reason for a reversal of the judgment.

The judgment is affirmed, at the costs of the appellants.