Filed March 5, 1886.

———————◆———————

No. 12,391.

## WALLACE, ADMINISTRATOR, *v.* LONG, GUARDIAN.

STATUTE OF FRAUDS.—*Agreement to Make Child an Heir.*—*Part Performance.*—Where a childless husband and wife, in consideration that a young girl shall live with them until the death of both, in all respects as their own child, and render such service as she is capable of doing, orally agree to make her their heir, and at their death, or at the death of the survivor, to will her the entire estate of which they are possessed, consisting at the death of the survivor of real estate, and also of personal property exceeding fifty dollars in value, the agreement is within the statute of frauds, and performance on the part of the girl will not take it out of the statute. *Frost* v. *Tarr*, 53 Ind. 390, and *Lee* v. *Carter*, 52 Ind. 342, modified.

SAME.—*Services of Child.*—*Recovery on Quantum Meruit.*—Where services have been performed in consideration of property to be conveyed, if the contract is not enforceable by reason of the statute of frauds, the action is not on the special contract for damages, but on a *quantum meruit* to recover the value of the services.

SAME.—*Measure of Damages.*—In such a case the value of the services performed, and not the value of the property agreed to be conveyed, is the measure of damages.

SAME.—*Situation of Parties Considered in Estimating Value of Services.*—In estimating the value of the services, regard should be paid to the situation of the parties, and the nature of the services required or performed.

From the Marion Circuit Court.

Wallace, Administrator, *v.* Long, Guardian.

*L. Wallace, E. A. Brown, L. M. Harvey, T. L. Sullivan* and *A. Q. Jones,* for appellant.

*J. E. Florea, A. W. Wishard* and *H. N. Spaan,* for appellee.

MITCHELL, J.—David D. Long, as guardian of Mollie Fette, filed a complaint in the nature of a claim against the estate of Maria Fette, deceased.

The substantial averments of the paragraph upon which the judgment rests are as follows: About the 22d day of February, 1871, the decedent and her husband, being childless, requested the plaintiff's ward, then about seven years old, a niece of the husband, to live with them, and, becoming much attached to her, they proposed and agreed at that time and afterwards, "that, if she would live with them during their lifetime, and until the death of both, and become and act and do by them and toward them as their child, and permit herself to be known and called as their child, and if she would respect and treat them as her parents, and do such work about their house and would render them such services and assistance in the care and keeping of their house and property as she was capable of doing, and if she would care for them and nurse them in sickness and would continue with them and live with them until their death, they would treat and deal with and towards her as their child, they would make her their heir, and at their death, or at the death of the survivor of the two, they would will, bequeath and give her the entire estate of which they were possessed."

The ward accepted the proposal so made, and faithfully performed the agreement on her part. Charles Fette, the husband, died about March 15th, 1881, having left all his property to his widow. The agreement was then renewed between the ward and Mrs. Fette. The agreement was faithfully performed by the former until the death of the latter, which occurred December 17th, 1883. It is averred that

Mrs. Fette neglected to make the will according to the agreement, and died intestate.

The claim is to recover the value of the estate, estimated at $6,000. Upon issues duly made there was a trial by a jury. The evidence tended to show that the intestate left real estate of the value of $5,000, and a personal estate of about $1,000 in value.

There was a verdict for the plaintiff for $6,025, and, over a motion for a new trial, judgment was entered on the verdict for $6,000, the plaintiff having entered a remittitur of $25. Following the entry of judgment, the record recites the following order, made by the learned judge who presided at the trial: "Inasmuch as this case is not without difficulty, it is ordered by the court that the defendant, as administrator, do at once take and prosecute with reasonable diligence an appeal to the Supreme Court of the State of Indiana."

Of the errors assigned here the only one discussed is the overruling of the motion for a new trial. This motion assigned as causes for a new trial, that the verdict was contrary to law and to the evidence, that it was not sustained by sufficient evidence, that the damages were excessive, and that the court erred in giving and refusing certain instructions.

It may be said, the evidence tends to establish the averments in the complaint, and if no legal impediment stood in the way it might fairly support the verdict.

The case proceeded upon the assumption that if the contract was proved substantially as alleged, and performance of it was shown on the part of the ward, an action for damages for the violation of the contract might be maintained, and that the measure of recovery to which she was entitled was the value of the real and personal estate of the intestate, irrespective of the actual value of the services rendered.

The argument for an affirmance of the judgment is predicated upon the affirmation of the following propositions:

1. That the action is for damages for the breach of an express parol contract.

2. That the contract is not within the statute of frauds.

3. That the measure of damages is the value of the estate agreed to be devised.

Upon the authority of *Frost* v. *Tarr*, 53 Ind. 390, it is conceded that an action for the specific performance of the contract is not maintainable, and upon the authority of that case, and the cases of *Bell* v. *Hewitt*, 24 Ind. 280, and *Lee* v. *Carter*, 52 Ind. 342, it is insisted that the contract is clear of the statute of frauds, and that the measure of recovery should be the value of the estate.

A brief examination of the argument, and the cases above mentioned, seems to be required.

The concession that the contract can not be specifically enforced, involves the conclusion that it is within the inhibition of the statute. If the statute of frauds presents no obstacle to the enforcement of the contract, then, so far as the record discloses, none exists. It can not, of course, be denied, that if the contract had been in writing, or if, in pursuance of an oral contract, the plaintiff had been put in complete possession, and she had otherwise fully performed on her part, specific performance could have been enforced. It would then have presented a case analogous in principle to *Mauck* v. *Melton*, 64 Ind. 414. That was a case in which an oral contract was made, which provided that in consideration of board to be furnished and services to be performed, a tract of land would either be conveyed or devised by will. The person agreeing to perform the service was put in possession of the land, and it was held, the services having been performed, that the contract would be specifically enforced.

It is true it was there said that the contract was not within the statute of frauds. In saying this nothing more was meant, in view of the facts, than that, by reason of the part performance of the contract, it had been taken out of the operation of the statute, and might, therefore, be specifically enforced.

*Atkinson* v. *Jackson*, 8 Ind. 31; *Watson* v. *Mahan*, 20 Ind. 223; *Lafollette* v. *Kyle*, 51 Ind. 446; *Law* v. *Henry*, 39 Ind. 414; *Stater* v. *Hill*, 10 Ind. 176; *Moreland* v. *Lemasters*, 4 Blackf. 383; *Arnold* v. *Stephenson*, 79 Ind. 126.

The case of *Baxter* v. *Kitch*, 37 Ind. 554, involved a state of facts similar to *Mauck* v. *Melton, supra*. No possession having been delivered under the contract, the court said : " It is a contract for the sale of real estate ; and, to be made a sufficient foundation of the action, must have been in writing and signed by William Prickett, the deceased."

The cases of *Neal* v. *Neal*, 69 Ind. 419, and *Johns* v. *Johns,* 67 Ind. 440, involved the principle here under consideration, and the holding in both was that the statute of frauds prevented the enforcement of the contract.

This much has been said to show that the only impediment in the way of a specific enforcement of the contract involved in this case is the statute of frauds.

When the title to property, either real or personal, is to be acquired by purchase, the statute of frauds will operate upon and affect the contract in precisely the same manner, whether the consideration for the purchase is to be paid in services, money or anything else. In either case, such a contract, being in parol and entirely executory, can not be enforced by either party, and it may be doubted whether a contract, which is within the statute so as to be incapable of specific enforcement, has sufficient validity to support an action for damages by either party, unless the contract was induced under, or its violation is involved in, some special circumstances of fraud or bad faith. *Barickman* v. *Kuykendall,* 6 Blackf. 21; *Ballard* v. *Bond*, 32 Vt. 355; *McCracken* v. *McCracken*, 88 N. C. 272; *Bender* v. *Bender*, 37 Pa. St. 419. The most that can be recovered in such a case is the value of what may have been paid or performed by one party in reliance upon such a contract, when the other refuses to perform. Reed Stat. of Frauds, sections 737, 761–2; *Day* v. *Wilson*, 83 Ind. 463 (43 Am. R. 76).

Wallace, Administrator, *v.* Long, Guardian.

Where, therefore, services have been performed, or money paid, in consideration of property to be conveyed, if the con-tract is not enforceable by reason of the statute of frauds, the action is not on the special contract, but, in the case of services performed, the action is on a *quantum meruit* to recover the value of the services. *Ham* v. *Goodrich*, 37 N. H. 185; *Emery* v. *Smith*, 46 N. H. 151; *Leslie* v. *Smith*, 32 Mich. 64; *Seymour* v. *Bennet*, 14 Mass. 266; 2 Reed Stat. of Frauds, sections 622, 623, and cases cited in notes; 2 Sutherland Dam. 453. In such a case the value of the services performed, and not the value of the property agreed to be conveyed, is the measure of damages.

Returning to the cases relied on, *Bell* v. *Hewitt*, *supra*, was an action on a special contract for services, to be compensated by a promised legacy of $500. The contract involved the payment of a specified sum of money in a manner agreed upon. It was held, that as the contract was upon a definite consideration, and liable to be performed within one year, it did not come within the fifth subdivision of the statute of frauds, which inhibits the bringing of actions upon oral contracts, not to be performed within one year from the making thereof. There was in that case clearly no impediment in the way of the maintenance of an action on the contract to recover the stipulated wages. This case was followed in *Caviness* v. *Rushton*, 101 Ind. 500 (51 Am. R. 759), which involved the same principles.

The next case, *Lee* v. *Carter*, 52 Ind. 342, was decided, so far as it touches the question under consideration here, on a demurrer to the complaint, which was in the nature of a claim filed against the estate of one Carter. The substance of the complaint as set out in the opinion is, that Cline agreed with Carter that if the latter would take possession of the farm of the former, and clear and improve such portions as he might be able, and permit Cline to reside with him, do his mending, washing, and furnish his boarding, Cline would compensate him by devising all of his property, real and per-

sonal, to Carter or his children; that Carter took possession, cleared about one hundred acres of the land, built fences, dwelling-house and stable, and otherwise fully performed his contract; that Cline died, leaving real and personal property of the value of $8,600, without making the will or otherwise compensating Carter, who had performed services worth $10,000.

The facts stated in the complaint showed such a part performance of the contract as clearly to take it out of the statute of frauds, and the complaint contained the statement of such facts as would have warranted the specific enforcement of the contract, as in *Mauck* v. *Melton, supra,* and the cases of that class cited above in connection with it, or, possibly, owing to the part performance averred, of making the contract the basis of an action for damages for its violation.

The complaint, however, was held good, and the contract was said to be clear of the statute of frauds, upon the authority of *Bell* v. *Hewitt, supra.* This, as it seems to us, was, to some extent at least, a misapplication of *Bell* v. *Hewitt, supra.* The contract to devise land and to bequeath personal property, exceeding fifty dollars in value, was clearly within the statute, and so far as it was withdrawn from its operation, if at all, it was by the acts of part performance which are set forth in the complaint. It does not appear what rule of damages was applied in the case.

The case of *Frost* v. *Tarr, supra,* arose out of the following facts: The father of Jane Tarr agreed with Simeon Frost that Frost should take Jane into his family, board, educate and clothe her as his own child until she was twenty-one years old, or was married, and that if she continued so to live with him and his family, and do the ordinary house work usually performed by girls in housekeeping, he would bequeath to her a share equal in value to that given any of his children. It was alleged that she had fully performed, that Frost died without leaving her anything by his will, except fifty dollars, and that he left an estate in real and personal property of the

Wallace, Administrator, *v.* Long, Guardian.

value of twenty thousand dollars, the greater portion of which he bequeathed to his son. She demanded judgment for one-sixth part of the estate, and for four thousand dollars damages. It was there said by the court: "That the contract alleged is one, the specific performance of which would not be decreed. But it does not follow, because a court will not decree specific performance of a contract, that therefore no action for damages will lie upon it when it has been violated. On the contrary, we think such action will lie, and that the damages in this case may be measured by the value of the portion which was promised, and that the plaintiff, in such case, is not limited to the value of the services performed, in the recovery." *Bell* v. *Hewitt, supra,* and *Lee* v. *Carter, supra,* were cited in support of the rule announced. It was said further, that there was nothing in "the question made as to the section of the statute of frauds which requires contracts not to be performed within a year from the making thereof to be in writing."

As respects other provisions of the statute of frauds, no question seems to have been made, and none was considered. The rule thus enunciated in respect to the right to sue for the violation of the contract, and what shall be the measure of recovery in such cases, seems to us, in view of the facts on which the cases cited in its support rest, and what has already been said in reference to them, to receive but incidental support from those cases.

That, under the pressure which in this class of cases was brought to bear on the courts, this rule in one form and another prevailed in the earlier decisions in some of the States, is well known, but, as is said by a learned author, "It gradually dawned upon the judges that there was no real difference between the land itself and its market value; and that allowing the plaintiff to recover the latter was, in effect, giving him specific performance of the contract." 2 Reed Stat. of

Frauds, section 738.    The position has long since been abandoned in all the States with but one or two exceptions.

Of the earlier cases which sanctioned the rule of *Frost* v. *Tarr, supra,* to a degree, were *Jack* v. *McKee,* 9 Pa. St. 235, *Bash* v. *Bash,* 9 Pa. St. 260, *McDowell* v. *Oyer,* 21 Pa. St. 417, *Malun* v. *Ammon,* 1 Grant's Cases, 123.    To these may be added, as lending some sanction to the doctrine, the cases of *Burlingame* v. *Burlingame,* 7 Cow. 92, *King* v. *Brown,* 2 Hill, 485, and *Hopkins* v. *Lee,* 6 Wheat. 109.

In overruling *Jack* v. *McKee, supra,* and the other cases following it, the Pennsylvania court said, in *Hertzog* v. *Hertzog,* 34 Pa. St. 418 :  " Whenever a departure from settled principles is shown by actual experience to have worked perniciously, to have occasioned wrong and hardship that were not anticipated, and to have placed the inheritance of families at the mercy of parol evidence, we think it the imperative duty of the court that made the departure, to undo the mischief as far as possible, and to retrace their steps back to the old paths."  It was further declared by the learned judge delivering the opinion in that case, that under the rule in *Jack* v. *McKee, supra,* a grandson, whose services, at his own estimate, did not exceed in value eighteen hundred dollars, had swept away the fairest portion of an estate, by a recovery of ten thousand dollars, while, in another case, a domestic, whose services, had they been the subject of compensation, would have been comparatively insignificant, had, under the rule above mentioned, taken an entire estate from the right heir.    A rule under which such disastrous and anomalous results are possible should not, in our opinion, be perpetuated, unless it finds its support in principles that are altogether beyond cavil.

The same year in which the Pennsylvania court overruled *Jack* v. *McKee, supra,* and other kindred cases, the New York court in *Erben* v. *Lorillard,* 19 N. Y. 299, disapproved of so much of *Burlingame* v. *Burlingame* and *King* v. *Brown, supra,* as lent any support to the doctrine under consideration.

It must, we think, be conceded that every provision of the statute of frauds exerts its influence upon contracts, such as we are here considering, to the same extent and with the same potency as upon other contracts for the sale and transfer of property, and if there is one class of cases more than another in which "a tight rein should be held," and the statute rigorously applied, it is that class in which it is proposed by parol to intercept from rightful heirs the transmission of estates. *Graham* v. *Graham*, 34 Pa. St. 475. That the evidence in this case tends to support the view that it was the purpose of the intestate to make provision for the plaintiff's ward by a will, may be conceded, but as the agreement to do so was never manifested in writing, signed by her, and as it involved an agreement for the sale of real estate, and for the transfer of personal property exceeding in value $50, such agreement was subject to the operation of the statute of frauds, equally with all other agreements for like sales. Because the agreement was not withdrawn from the operation of the statute by part performance, it can not be specifically enforced, neither can it be the foundation of an action for damages. Browne Stat. of Frauds, section 124.

It does, however, serve to rebut any presumption which otherwise might have obtained, that the services rendered were to have been gratuitously performed, or that they were performed under the mere expectancy that the intestate would leave the plaintiff's ward a legacy. She is, therefore, entitled to recover the value of her services. *Jacobson* v. *Executors, etc.*, 3 Johns. 199; *Robinson* v. *Raynor*, 28 N. Y. 494; *Campbell* v. *Campbell*, 65 Barb. 639; *Reynolds* v. *Robinson*, 64 N. Y. 589; *Emery* v. *Smith*, 46 N. H. 151; *Sutton* v. *Rowley*, 44 Mich. 112; *Welch* v. *Lawson*, 32 Miss. 170; *Bender* v. *Bender*, 37 Pa. St. 419; *Maddison* v. *Alderson*, L. R. 8 App. Cases, 467 (35 Moak's Eng. Rep. 790); *Clark* v. *Davidson*, 53 Wis. 317; *Howard* v. *Brower*, 37 Ohio St. 402; Wood Frauds, sections 221, 235.

Many other cases might be cited which support and illus-

trate the conclusions reached, but those referred to are deemed sufficient.

The value of the services is to be determined without any reference to the value of the estate of the intestate. But, in estimating the value of the services, regard should be paid to the situation of the parties, the nature of the service required or performed. Allowance should be made, too, for the fact that, under the circumstances, the presence and society of the plaintiff's ward may have been of sufficient value to compensate for her education, clothing and support.

To the extent that *Frost* v. *Tarr*, and *Lee* v. *Carter*, *supra*, announce a rule contrary to the conclusions herein reached, they may be considered as modified.

The judgment is reversed with costs, with directions to the court to sustain the motion for a new trial, and for further proceedings not inconsistent with this opinion.

Filed March 5, 1886.