## Harrison Leslie v. Albert N. Smith.

*Contracts: Indefiniteness: Uncertainty.* An oral agreement between the owner of lands and another, that the latter was to go on certain lands (one hundred and sixty acres) and improve them and pay the taxes and act as the owner's agent in regard to other lands, and that the owner at his option was to pay him for the improvements or to deed him sixty acres of the land in full payment thereof, which fails to fix any time of performance, or the kind or extent of improvements, or when they were to be made, or where, and which designates no parcel of land to be given in payment, nor declares whether it shall or not be improved land, is so indefinite as to be void for uncertainty.

*Contracts: Uncertainty: Part performance.* Whether a contract void under the statute of frauds, but which if in writing would have been valid, is validated by part performance or not, such a contract as the one in question here could not be maintained on any such basis.

*Contracts: Improvements to lands: Possession.* Where under such an arrangement the plaintiff was not put in possession by the owner, but first went upon another farm for a year, and then, without any further arrangement, went on this land, the contract being void *ab initio*, there is no legal basis for holding that he can be regarded as ever having had any possession which could be referred to it.

*Improvements: Common counts: Quantum meruit: Charge to the jury: Contract.* In an action to recover on the common counts for improvements made under such an arrangement, a charge to the jury, which, though

holding the contract void under the statute of frauds, yet in instructing them on the theory that it might be validated by part performance, laid before them the original agreement as creating contract relations, and permitted a recovery in precise accordance with its terms, is held erroneous.

*Instructions to the jury.* Charges in this case are held erroneous, as not being sustained by the testimony, but in conflict with it.

*Landlord and tenant: Improvements: Agreement.* A tenant cannot recover for repairs made, except upon a distinct agreement, which is required to have like elements of certainty in it as are essential to any other contract of employment.

*Heard April 21.    Decided April 30.*

Error to Barry Circuit.

*Sweezey & Wood* and *Isaac M. Crane,* for plaintiff in error.

*Charles G. Holbrook* and *Harvey Wright,* for defendant in error.

CAMPBELL, J:

Smith sued Leslie and recovered for the value of labor and services connected with the improvement and care of certain lands. The declaration contained the common counts and also a special count. But as the court held there could be no recovery on the special count, and as it varied materially from the contract sworn to by plaintiff below, it need not be considered. The questions before us all arise out of the rulings of the court upon the case as submitted to the jury.

Smith swore in substance to a parol agreement made in 1855 in New York, whereby he was "to go on this one hundred and sixty acres and improve it, and he, Leslie, to have the land if he wanted it, and if he did he was to pay me for the improvements, or he could deed me sixty acres of the land, which would be in full pay, and I was to act as his agent in regard to other lands." On cross-examination he said "he was to pay the taxes on the southwest quarter of section twenty-five (the land in question), and have pay for the improvements after he got a start."

The other testimony related to what had been done, and to Leslie's conduct in regard to it.

32 MICH.—9.

It appeared from Smith's testimony that he did not enter on the land until he had lived a year on another farm, and that there was no new agreement, unless in regard to building a house, concerning which he testified that in 1868 Leslie told him he must build a better house, which he did. It appears further that this house was not begun until a year thereafter, and without any consultation or knowledge of Leslie, who, before it was finished, wrote to Smith informing him of his intention to come out and take possession of the property and make arrangements for buildings and fruit trees. This letter, which was introduced by Smith, is written in such a way as to indicate that Smith was not upon the premises in any such way as his other testimony would have made out.

The court below ruled upon questions presented by both parties, and also charged generally.  In the general charge, after holding the parol contract void, the judge proceeded further to say:

"But if the arrangement claimed by plaintiff was actually made, and even though it was void by statute of frauds, if it was afterwards, without objection of either party, actually executed, if the parties treated it as a valid agreement, and if plaintiff went on under it and made the improvements claimed, and that without objection on the part of defendant, but, instead thereof, under the defendant's observation and encouragement from time to time, then the plaintiff ought to recover, not upon the special agreement, but upon the *quantum meruit*, the reasonable value of such improvements, deducting the value of the use of the land and improvements; and such recovery is based upon the theory that the plaintiff, at the request of defendant, has performed labor and made expenditures for the benefit of defendant."

The court further charged, on request, that if plaintiff went upon the premises in March, 1856, clothed with a discretion as to the amount or kind of improvements he might make thereon, defendant should pay what they were reasonably worth, less the value of their use.  That if the plaintiff

went upon the premises as agent, with respect to that land as well as other lands, in such case the possession was defendant's, and not plaintiff's, and no relation of landlord and tenant existed.

And the court refused to charge that an express agreement was necessary to authorize a recovery for improvements. Other rulings were made which need not be referred to.

It is manifest throughout that the original agreement was laid before the jury as creating contract relations, and that a recovery was allowed in precise accordance with its terms, which gave a right to recover on a *quantum meruit,* in case Leslie saw fit to retain the land himself.

The whole theory of the charges referred to is, we think, erroneous, and in some respects is in conflict with Smith's testimony, and not sustained by any testimony in the cause. It seems to rest on the theory that such a contract is validated by part performance.

But assuming, though not deciding, that this might be so with a contract which would have been valid if in writing, this contract could not be maintained on any basis. It fixes no time of performance, and might be perpetual. It fixes no kinds or extent of improvements, nor where they were to be made, nor when. It fixes no parcel of land to be given in payment, nor declares whether it shall or not be improved land. If the sixty acres were to lie outside of the improvements, there was no part performance by distinct possession; if within the improvements, there was no consideration for an alternative performance. A contract so indefinite in all respects would have been void for uncertainty under any circumstances. And, inasmuch as Smith was not put in possession by Leslie, and went upon another farm for a year, and then went on this land without any further communication, the contract being void *ab initio,* we cannot see any legal basis for holding that he can be regarded as ever having had any possession which could be referred to it. Leslie denies the whole arrangement; but, upon Smith's own showing, there was nothing which could avail him under it.

The only thing which the evidence tends to show, aside from this agreement, is a tenancy at will. Under the law of landlord and tenant the doctrine is very clear, that there must be some distinct agreement to entitle a tenant to pay for improvements, and such an agreement must have some elements of certainty in it. It must be equally certain with any other contract of employment. It is not necessary to consider how such an agreement should be shown, as the error arising out of allowing the relations of the parties to depend on the parol contract of 1855 pervades the whole record.

The judgment must be reversed, with costs, and a new trial granted.

The other Justices concurred.