*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CHARLES LOUIS VAN FLETEREN, JR.,

        Plaintiff/Counterdefendant-
        Appellant,

v

THOMAS J. SHUGAR and KELSEY A.
SHUGAR,

        Defendants/Counterplaintiffs-
        Appellees.

UNPUBLISHED
July 16, 2019

No. 341458
Oakland Circuit Court
LC No. 2017-159547-CK

Before: TUKEL, P.J., and JANSEN and RIORDAN, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order granting defendants, Thomas J. Shugar (Thomas) and Kelsey A. Shugar (Kelsey), summary disposition, and the trial court's order denying plaintiff's motion for further relief, in this dispute over the ownership of real property. We affirm the order granting defendants summary disposition, but reverse the subsequent trial court orders only to the extent that they deny plaintiff an opportunity to claim improvements, and remand for a hearing under MCR 3.411(F) regarding plaintiff's claims for improvements made to the property.

On appeal, plaintiff argues that the trial court erred in granting defendants summary disposition without first taking evidence and making findings of fact under MCR 3.411(D)(1). We disagree. Additionally, plaintiff argues that the trial court erred after granting defendants summary disposition by failing to take evidence and determine whether plaintiff was entitled to compensation for the improvements that he made to the real property under MCR 3.411(F). We agree.

This matter arises from a dispute over real property located on Buckhorn Drive, in Lake Orion, Michigan, owned by defendants. Defendants were good friends with plaintiff and his former wife. When defendants decided to move out of the property, according to plaintiff, they proposed that plaintiff and his former wife pay monthly installment payments of $2,000 to reside

at the property, in exchange for the right of delivery of the deed whenever plaintiff wanted. Defendants would convey the property when plaintiff's monthly payments satisfied the mortgage debt that remained on the property. After plaintiff and his former wife divorced, Ruth Warren moved into the property with plaintiff, and plaintiff and Warren decided that Warren would also share an interest in the property. Together, plaintiff and Warren applied for a mortgage loan to satisfy the remaining part of the mortgage payoff balance. The bank required a purchase agreement to act on such a loan, so Warren obtained a "real estate sales agreement" online, filled in the blanks and the $227,525 purchase price provided by Thomas, and the parties signed the letter. However, plaintiff and Warren were later notified by the bank that the letter did not satisfy the requirements for the loan. So plaintiff hired an attorney to complete the real estate transaction with defendants, and defendants gave plaintiff written notice to quit the premises immediately. Plaintiff then filed suit seeking a declaratory judgment, specific enforcement, specific performance, a constructive trust, and injunctive relief. Defendants filed a motion for summary disposition, which the court granted. Plaintiff later made a claim for the increased value of the property based on the improvements that he made. This appeal followed.

## I. SUMMARY DISPOSITION

The trial court properly granted defendants summary disposition of plaintiff's claims, did not err by failing to take evidence or make findings before granting defendants summary disposition, and did not abuse its discretion by denying what it deemed to be plaintiff's motion for reconsideration.

Defendants filed their motion for summary disposition under MCR 2.116(C)(8) and (C)(10). However, the trial court granted defendants summary disposition under MCR 2.116(C)(10) only because it determined that there was "no genuine issue of material fact that [p]laintiff has no ownership interest in the [p]roperty." This Court reviews a motion for summary disposition de novo. *Gorman v American Honda Motor Co, Inc*, 302 Mich App 113, 115; 839 NW2d 223 (2013). This Court reviews only the evidence that was presented at the time that the trial court made its decision on the motion. *Id*. at 120. A motion for summary disposition under MCR 2.116(C)(10) challenges the factual sufficiency of a plaintiff's claim. *Id*. at 115. The trial court considers the evidence in the light most favorable to the nonmoving party. *Id*. Summary disposition is proper under MCR 2.116(C)(10) if " 'there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law.' " *Id*. at 116 (citation omitted). There is a genuine issue of material fact " 'when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ.' " *Id*. (citation omitted). An action to quiet title is an equitable matter, MCL 600.2932(5), and equitable matters are reviewed de novo, *Beach v Lima Twp*, 489 Mich 99, 106; 802 NW2d 1 (2011).

The court determined that plaintiff's motion to amend the complaint and for other relief was essentially a motion for reconsideration. This Court reviews a trial court's decision on a motion for reconsideration for an abuse of discretion. *Sanders v McLaren-Macomb*, 323 Mich App 254, 264; 916 NW2d 305 (2018). " '[A]n abuse of discretion occurs only when the trial court's decision is outside the range of reasonable and principled outcomes.' " *Id*., quoting *Saffian v Simmons*, 477 Mich 8, 12; 727 NW2d 132 (2007).

MCL 600.2932(1) provides:

> Any person, whether he is in possession of the land in question or not, who claims any right in, title to, equitable title to, interest in, or right to possession of land, may bring an action in the circuit courts against any other person who claims or might claim any interest inconsistent with the interest claimed by the plaintiff, whether the defendant is in possession of the land or not.

The statute reflects the Legislature's intent to confer standing on individuals who claim an interest in real property, and authorizes suits to determine competing parties' interests in land. *Trademark Props of Mich, LLC v Fed Nat'l Mtg Ass'n*, 308 Mich App 132, 137-138; 863 NW2d 344 (2014). MCR 3.411 "applies to actions to determine interests in land under MCL 600.2932." MCR 3.411(A). The plaintiff in an action to quiet title bears the burden of establishing a prima facie case of title. *Boekeloo v Kuschinski*, 117 Mich App 619, 628; 324 NW2d 104 (1982). The plaintiff must allege facts in the complaint that establish the superiority of the plaintiff's claim. MCR 3.411(B)(2)(c). If the plaintiff cannot meet this burden, summary disposition is appropriate. *Special Prop VI v Woodruff*, 273 Mich App 586, 590; 730 NW2d 753 (2007). "If the plaintiff established his title to the lands, the defendant shall be ordered to release to the plaintiff all claims thereto." MCL 600.2932(3).

MCR 3.411(D)(1) provides that "[a]fter evidence has been taken, the court shall make findings determining the disputed rights in and title to the premises." Plaintiff relies on this court rule to assert that the court should have taken evidence and made findings of fact before dismissing his complaint. However, under the circumstances of this case, the court was not required to make specific findings of fact because it granted defendants' motion for summary disposition of plaintiff's complaint. See MCR 2.517(A)(4) (factual findings and legal conclusions "are unnecessary in decisions on motions unless findings are required by a particular rule."). The court granted defendants summary disposition under MCR 2.116, which contains no specific requirement that it make factual findings or conclusions of law. Therefore, the trial court did not err when it failed to take evidence and make findings before granting defendants summary disposition.

Thus, to the extent that plaintiff also argues that the court erred in granting defendants summary disposition of his quiet title claim based on the merits, the issue before this Court is whether plaintiff met his burden of establishing his superior title to the property. MCR 3.411(B)(2)(c). Plaintiff failed to meet this burden, and the trial court did not err by granting defendants summary disposition. MCR 3.411(C)(2) provides that the plaintiff in an action to determine interests to land must attach to the complaint "a statement of the title on which the pleader relies." Attached to plaintiff's complaint was the October 2, 2016 letter, a copy of a sticky note upon which Thomas allegedly wrote the remaining payoff balance due on the house, and a copy of defendants' Bank of America mortgage documents upon which Thomas allegedly circled the outstanding balance. Although plaintiff argues that he did not assert that he had a contractual right to the property based on the letter, and that the trial court erred in relying on the letter, plaintiff provided no other written proof of his alleged superior right to title over that of

defendants. Plaintiff asserts that the letter was merely a culmination of the conversations and acts of the parties throughout the years that demonstrate the parties' intent to one day transfer title to plaintiff.[1]

In Michigan, the form of a contract for the sale of land is governed by the statute of frauds. *Zurcher v Herveat*, 238 Mich App 267, 276; 605 NW2d 329 (1999). To survive a challenge under the statute of frauds, a contract for the sale of land must "(1) be in writing and (2) be signed by the seller or someone lawfully authorized by the seller in writing." *Id*. at 277 (citation and quotation marks omitted). The substance of a contract for the sale of land is governed by general contract law. *Id*. at 279. "A contract for the sale of land is, quite simply, a purchase agreement." *Id*. at 291. "[T]here must be a meeting of the minds regarding the 'essential particulars' of the transaction," *id*. at 279, and the material provisions that must be included are "the identification of (1) the property, (2) the parties, and (3) the consideration," *id*. at 290-291.

Although the October 2, 2016 letter provided a description of the property, the parties, and the purchase price, it provided as follows:

> The purpose of this letter is to set forth some of the basic terms and conditions of the proposed purchase by the undersigned (the "Buyer") of certain real estate owned by you (the "Seller"). The terms set forth in this Letter will not become binding until a more detailed "Purchase Agreement" is negotiated and signed by the parties, as contemplated below by the section of this Letter entitled "Non-Binding."

> \* \* \*

> **9. NON-BINDING.** This Letter of Intent does not, and is not intended to, contractually bind the parties, and is only an expression of the basic conditions to be incorporated into a binding Purchasing Agreement. This Letter of Intent does not address all of the essential terms of any potential Purchase Agreement. This Letter does not require either party to negotiate in good faith or to proceed to the

---

[1] Plaintiff asserts for the first time in his reply brief on appeal that evidence of the parties' previous dealings is not excluded by the parol-evidence rule. Issues raised for the first time in appellate reply briefs are untimely. *Blazer Foods, Inc v Restaurant Props, Inc*, 259 Mich App 241, 252; 673 NW2d 805 (2003). "Reply briefs may contain only rebuttal argument, and raising an issue for the first time in a reply brief is not sufficient to present the issue for appeal." *Id*. Moreover, the parol-evidence rule provides that "[p]arol evidence of contract negotiations, or of prior or contemporaneous agreements that contradict the written contract, is not admissible to vary the terms of a contract which is clear and unambiguous." *Schmude Oil Co v Omar Operating Co*, 184 Mich App 574, 580; 458 NW2d 659 (1990). However, as discussed herein, there was no written contract or purchase agreement between the parties, and plaintiff asserts that he did not plead that the October 2, 2016 letter was a binding contract, so this argument lacks merit.

completion of a binding Purchase Agreement. The parties shall not be contractually bound unless and until they enter into a formal, written Purchase Agreement, which must be in form and content satisfactory to each party and to each party's legal counsel, in their sole discretion. Neither party may rely on this Letter as creating any legal obligation of any kind; neither party has taken or will take any action in reliance on this non-binding Letter of Intent, whether a contract claim, a claim for reliance or estoppel (such as a claim for out-of-pocket expenses incurred by a party), or a claim for breach of any obligation to negotiate in good faith.

This letter on its face provides that it is not a binding purchase agreement, and therefore, plaintiff failed to meet his burden of establishing a superior claim to title of the property. MCR 3.411(B)(2)(c). As such, the trial court did not err when it determined that there was no "genuine issue of material fact that [p]laintiff has no ownership interest in the [p]roperty." Therefore, the trial court properly granted defendants summary disposition of plaintiff's claims. As the court was not required to take evidence and make findings of fact before dismissing plaintiff's claims under MCR 2.116, the trial court did not abuse its discretion when it denied plaintiff's motion to amend the complaint and other relief as a motion for reconsideration because plaintiff was not entitled to an evidentiary hearing regarding his claims.

## II. PLAINTIFF'S CLAIM FOR IMPROVEMENTS

The trial court committed plain error affecting substantial rights when it failed to follow the procedure provided in MCR 3.411(F), and hold a hearing to determine whether plaintiff had a right to recover any value corresponding to the improvements that he made to the property.

"Generally, an issue is not properly preserved if it is not raised before, addressed by, or decided by the lower court or administrative tribunal." *Gen Motors Corp v Dep't of Treasury*, 290 Mich App 355, 386; 803 NW2d 698 (2010). Plaintiff asserted in his motion to amend the complaint and for other relief that he was entitled to recover for the improvements that he made to the property. The court denied plaintiff's motion in its entirety, but did not specifically address plaintiff's claim for improvements. Plaintiff then filed a "Claim under MCL 600.2932 and MCR 3.411(F)(1) for Improvements Made on Premises" in the trial court. Thereafter, defendants filed a motion to enforce the November 8, 2017 opinion and order, plaintiff filed a brief in opposition, and the court entered an order maintaining the November 8, 2017 opinion and order in full effect. Thus, it does not appear that the trial court ruled on plaintiff's claims for the value of the improvements, or whether he was entitled to a hearing regarding same, and this issue is not preserved for appeal. *Id*. Because this issue is unpreserved on appeal, it is reviewed for plain error affecting substantial rights. *Lawrence v Mich Unemployment Ins Agency*, 320 Mich App 422, 442; 906 NW2d 482 (2017). " '[A]n error affects substantial rights if it caused prejudice, i.e., it affected the outcome of the proceedings.' " *Id*. at 443 (citation omitted).

As provided above, MCR 3.411 "applies to actions to determine interests in land under MCL 600.2932," i.e., actions to quiet title. MCR 3.411(A). The complaint to quiet title must allege the claimed interests of the various parties. MCR 3.411(B). However, the court rule does not require that the complaint include allegations regarding the value of any improvements to the property. Rather, MCR 3.411(F)(1) provides that, within twenty-eight days after the finding of

title, a party may file a claim against the party found to have title for the amount that the present value of the premises has been increased by the improvements made by the party making the claim. If such a claim is filed, the court "shall hear evidence" on the value of the improvements made on the premises, and the value the premises would have had without the improvements. MCR 3.411(F)(2). The court "shall determine" the amount that the premises would have been worth at the time of the claim without the improvements and the amount the value increased at the time of the claim by the improvements. *Id*. However, "[t]he party claiming the value of the improvements may not recover their value if they were made in bad faith." MCR 3.411(F)(3).

Thus, the court rule requires that the determination whether a claimant is entitled to compensation for the value of improvements to the property be made after the court determines the issue of title. MCR 3.411(F)(1). In this case, defendants' motion for summary disposition only addressed the question of title, and the validity of the letter as a purchase agreement. Plaintiff asserted a right to recover the amount of the increased value from the improvements in his motion to amend the complaint and other relief, and the court denied that motion in its entirety. Then plaintiff specifically filed a claim under MCL 600.2932 and MCR 3.411(F)(1) for the improvements that he made to the property, and it is unclear whether the order entered by the court on February 14, 2018, dealt with plaintiff's claim because the order maintained the November 8, 2017 opinion and order in full effect, and ordered plaintiff to remove the notice of lis pendens from the register of deeds.

Regardless, the court granted defendants' motion for summary disposition, and determined that plaintiff had no property interest. Thereafter, the circuit court erred in failing to hold a hearing under MCR 3.411(F) when plaintiff made a claim for the improvements. Plaintiff is entitled to this opportunity to present evidence regarding the value of the improvements, as the pleadings provided to the lower court do not go into detail regarding what improvements were made, and how they increased the value of the property. Plaintiff and Warren provided a total amount that they alleged the improvements were worth, and the only "improvement" specified was plaintiff's model train set. Defendants argue on appeal that plaintiff acted in bad faith because he did not have an honest belief that he had an ownership interest in the property. The applicable test under MCR 3.411(F)(3) is whether the improvements "were made in bad faith." To recover under MCR 3.411, the party found to have title (defendants) has the burden of proving that, in making the disputed improvements, the claimant (plaintiff) acted with a lack of good faith, i.e., without an honest belief in his right or title. As the trial court failed to hold a hearing, this determination was not made.

Defendants argue on appeal that plaintiff was not entitled to reimbursement for improvements because he was a tenant with no ownership interest. Defendants rely on caselaw for the proposition that there must be a specific agreement between the tenant and the lessor for reimbursement for improvements. However, the caselaw relied upon by defendants is distinguishable from this matter.

In *Leslie v Smith*, 32 Mich 64, 65 (1875), a landowner made an agreement with another to make improvements to his land in exchange for payment or a deed to some of the land. The Michigan Supreme Court provided that, "[u]nder the law of landlord and tenant, the doctrine is very clear, that there must be some distinct agreement to entitle a tenant to pay for improvements, and such an agreement must have some elements of certainty in it." *Id*. at 68.

-6-

However, the oral nature of the parties' contract made it unnecessary for the Michigan Supreme Court to determine this issue because the violation of the statute of frauds negated the entire agreement. *Id*. Another case relied upon by defendants provided that a *building*, even in the course of construction on leased land, became a part of the land, and belonged to the landlord. See *Schneider v Bank of Lansing*, 337 Mich 646, 651; 60 NW2d 187 (1953). Although plaintiff has not specified what improvements were made, there is no indication that plaintiff constructed any building on defendants' property, but rather, plaintiff moved into the home that defendants previously resided in. Neither of these cases dealt with a party's claim for improvements under MCR 3.411(F) in a quiet title action.

Accordingly, the trial court's November 8, 2017 opinion and order granting defendants summary disposition is affirmed, the trial court's November 21, 2017 opinion and order and February 14, 2018 order are reversed to the extent that they deny plaintiff the opportunity to claim the value of improvements, and this matter is remanded for a hearing in accordance with MCR 3.411(F). We do not retain jurisdiction.

/s/ Jonathan Tukel
/s/ Kathleen Jansen
/s/ Michael J. Riordan